UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ELIJAH SCHIMKEWITSCH,

                             Plaintiff,                    19-cv-5199 (SJF)(AYS)

       -against-


NEW YORK INSTITUTE OF TECHNOLOGY,

                      Defendant.
-------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**


CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410 (Tel)
(212) 687-3285 (Fax)


**Counsel**:
Douglas P. Catalano
Stefanie R. Toren
Stephen P. Pischl

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................... iii

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS ................................................................................2

    I.      PLAINTIFF'S ENROLLMENT AT NYIT ..............................................2

    II.     PLAINTIFF'S COMPLAINT.....................................................................2

          A.    Plaintiff's National Origin Discrimination Claims ....................................2

          B.    Plaintiff's Gender Discrimination Claims ...................................................3

          C.    Plaintiff's Claims of Disability and/or Perceived Disability Discrimination..................................................................................................3

          D.    Plaintiff's Claims of Breach of Contract, Unjust Enrichment and Quantum Meruit ...............................................................................................5

ARGUMENT...................................................................................................5

    I.      THE STANDARD FOR EVALUATING A MOTION TO DISMISS.....................................................................................................5

    II.     THE COMPLAINT FAILS TO ALLEGE PLAUSIBLE CLAIMS OF DISABILITY, NATIONAL ORIGIN AND GENDER DISCRIMINATION REQUIRING THEIR DISMISSAL .................................6

          A.    Plaintiff's Disability Discrimination Claims Under the ADA and the Rehab Act Should Be Dismissed .....................................................6

                1.    Plaintiff is Not a Qualified Individual with a Disability Under the Acts..................................................................7

                2.    Plaintiff Fails to Allege That He Was Perceived as Having a Disability ........................................................................8

                3.    Plaintiff Fails to Allege That Any Alleged Adverse Action Occurred Under Circumstances Giving Rise to an Inference of Disability Discrimination .................................10

          B.    Plaintiff's NYSHRL Discrimination Claims Should Be Dismissed For Failure to State a Claim ..................................................12

                1.    Plaintiff Fails to Allege a Plausible Claim of Disability Discrimination...................................................................12

                2.    Plaintiff Fails to Allege a Plausible Claim of National Origin Discrimination ...................................................13

                3.    Plaintiff Fails to Allege a Plausible Claim of Gender Discrimination Based on Disparate Treatment ............................15

                4.    Plaintiff Fails to Allege a Plausible Claim of Disparate Impact Based on Gender..............................................16

C.    Plaintiff's NYSHRL Retaliation Claim Should Be Dismissed ................................................................................. 17

D.    Plaintiff's NYCHRL Discrimination and Retaliation Claims Should Be Dismissed as the Statute Does Not Apply to Acts that Occur Outside of New York City ....................................... 19

E.    Plaintiff's Discrimination and Retaliation Claims Under the Nassau HRL Should Be Dismissed as the Statute Does Not Provide For a Private Right of Action ....................................... 20

III.    PLAINTIFF'S CLAIMS OF BREACH OF CONTRACT, UNJUST ENRICHMENT AND QUANTUM MERUIT SHOULD ALSO BE DISMISSED .............................................................................. 20

A.    The Appropriate Vehicle For a Challenge to Plaintiff's Dismissal From NYIT is an Article 78 Proceeding ................................. 20

B.    Assuming *Arguendo* That Plaintiff's Claims Are Not Time-Barred Under Article 78, They Should Still Be Dismissed ................................................................................. 22

1.    Plaintiff Has Failed to Plead the Breach of an Implied Agreement Between Himself and NYIT Sufficient to State a Plausible Claim for Breach of Contract ........................... 22

2.    Plaintiff's Unjust Enrichment and Quantum Meruit Causes of Action Are Indistinguishable at Law and Insufficiently Pleaded ................................................... 24

CONCLUSION ................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Abel v. NYC Human Resources Admin.*,
   No. 10-CV-295, 2011 WL 812309 (S.D.N.Y. Mar. 3, 2011) ................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................5, 6, 8

*Aspilaire v. Wyeth Pharm., Inc.*,
   612 F.Supp.2d 289 (S.D.N.Y. 2009).............................................................................18

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)....................................................................................................6

*Attallah v. New York Coll. of Osteopathic,*
   Med., 94 F.Supp. 3d 448 (E.D.N.Y. 2015) .....................................................................21

*Attard v. City of New York*,
   451 F.App'x 21 (2d Cir. 2011) ....................................................................................16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................5, 6

*Benedith v. Malverne Union Free Sch. Dist.*,
   38 F.Supp. 3d 286 (E.D.N.Y. 2014) ..............................................................................20

*Benyard v. White Plains Hosp. Med. Ctr.*,
   No. 12-cv-1810 (NSR), 2013 WL 6003733 (S.D.N.Y. Nov. 12, 2013) ................................18

*Capobianco v. City of New York*,
   422 F.3d 47 (2d Cir. 2005)............................................................................................7

*Chin v. Port Auth. of N.Y. & N.J.*,
   685 F.3d 135 (2d Cir. 2012).........................................................................................16

*Cody v. CIGNA Healthcare of St. Louis, Inc.*,
   139 F.3d 595 (8th Cir. 1998) .........................................................................................9

*Cohn v. New Paltz Sch. Dist.*,
   363 F.Supp. 2d 421 (N.D.N.Y. 2005).............................................................................21

*Cruz v. Coach Stores, Inc.*,
   202 F.3d 560 (2d Cir. 2000)..........................................................................................17

*Curto v. Med. World Commc'ns, Inc.*,
    388 F.Supp.2d 101 (E.D.N.Y. 2005) ...........................................................................19

*Dabney v. Christmas Tree Shops*,
    No. 10-cv-8734 (CS), 2013 WL 3820668 (S.D.N.Y. July 24, 2013) .......................18

*DigitAlb, Sh.a v. Setplex, LLC*,
    284 F.Supp. 3d 547 (S.D.N.Y. 2018) ...........................................................................8

*Doe v. Pfrommer*,
    148 F.3d 73 (2d Cir. 1998) ............................................................................................7

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004) ........................................................................................23

*Forde v. Empire State Coll.*,
    No. 10-cv-9446 (CM)(THK), 2011 WL 4376499 (S.D.N.Y. Sept. 19, 2011) ...........14

*Fox v. State Univ. of New York*,
    686 F.Supp.2d 225 (E.D.N.Y. 2010) (dismissing ......................................................11

*Fried v. LVI Servs., Inc.*,
    No. 10–CV–9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011) .................................19

*Gally v. Columbia Univ.*,
    22 F.Supp. 2d 199 (S.D.N.Y. 1998) .....................................................................23, 24

*Gary v. New York Univ.*,
    48 A.D.3d 235 (1st Dep't 2008) ..................................................................................21

*Giordano v. City of New York*,
    274 F.3d 740 (2d Cir.2001) ...........................................................................................8

*Gordon v. City of New York*,
    No. 14-cv-6115 (JPO), 2015 WL 3473500 (S.D.N.Y. June 2, 2015) ........................16

*Habitzreuther v. Cornell Univ.*,
    No. 5:14-cv-1229 (GLS)(TWD), 2015 WL 5023719 (N.D.N.Y. Aug. 25, 2015) ......23

*Henrietta D. v. Bloomberg*,
    331 F.3d 261 (2d Cir. 2003) ..........................................................................................7

*Hilton v. Wright*,
    673 F.3d 120 (2d Cir. 2012) ..........................................................................................8

*Hobson v. St. Luke's Hosp. & Health Network*,
    No. CIV.A. 08-CV-05652, 2009 WL 3125513 (E.D. Pa. Sept. 28, 2009) ...................9

*Hoffman v. Parade Publications*,
   15 N.Y.3d 285 (N.Y. 2010) ...................................................................................19

*Hughes v. Ester C Co.*,
   930 F.Supp.2d 439 (E.D.N.Y. 2013) ......................................................................25

*Kajoshaj v. New York City Department of Education*,
   543 Fed.Appx. 11 (2d Cir. 2013) ...........................................................................15

*Keles v. Trustees of Columbia Univ. in City of New York*,
   903 N.Y.S.2d 18 (1st Dep't 2010) .........................................................................22

*Kickertz v. New York Univ.*,
   110 A.D. 3d 268 (1st Dep't 2008)..........................................................................21

*Kohutka v. Town of Hempstead*,
   994 F.Supp. 2d 305 (E.D.N.Y. 2014) .....................................................................20

*Kwan v. Andalex Grp., LLC*,
   737 F.3d 834 (2d Cir. 2013)...................................................................................10

*Lambui v. Collins*,
   No. 14-cv-6457 (JS)(AYS), 2015 WL 5821589 (E.D.N.Y. Sept. 30, 2015).........19

*Leibowitz v. Cornell Univ.*,
   584 F.3d 487 (2d Cir. 2009)...................................................................................11

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015)............................................................................11, 15

*Lopez v. Bay Shore Union Free Sch. Dist.*,
   668 F.Supp. 2d 406 (E.D.N.Y. 2009) .....................................................................13

*Maas v. Cornell Univ.*,
   94 N.Y.2d 87 (N.Y. 1999) ......................................................................................21

*Manolov v. Borough of Manhattan Community College*,
   952 F.Supp.2d 522 (S.D.N.Y. 2013)..................................................................13, 15

*Martinez v. N.Y.C. Dep't of Educ.*,
   No. 04–cv–2728 (LTS)(DFE), 2008 WL 2220638 (S.D .N.Y. May 27, 2008)....................18

*McElwee v. Cnty. of Orange*,
   700 F.3d 635 (2d Cir. 2012)......................................................................................7

*McNally v. Aztar Indiana Gaming Co., LLC*,
   No. 3:12-cv-00063 (TWP), 2014 WL 300433 (S.D. Ind. Jan. 28, 2014) ...............9

*Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*,
   418 F.3d 168 (2d Cir. 2005)....................................................................................25

*Mi-Kyung Cho v. Young Bin Cafe*,
   42 F.Supp. 3d 495 (S.D.N.Y. 2013)........................................................................18

*Mitchell v. New York City Transit Auth.*,
   856 F.Supp.2d 478 (E.D.N.Y. 2012) ........................................................................8

*Natofsky v. City of New York*,
   921 F.3d 337 (2d Cir. 2019)............................................................................. 10, 12

*Novick v. Vill. of Wappingers Falls, New York*,
   376 F.Supp. 3d 318 (S.D.N.Y. 2019)......................................................................11

*Nungesser v. Columbia Univ.*,
   169 F.Supp. 3d 353 (S.D.N.Y. 2016)......................................................................23

*Okoh v. Sullivan*,
   No. 10-cv-2457, 2011 WL 672420 (S.D.N.Y. Feb. 24, 2011).................................24

*Padiyar v. Albert Einstein Coll. of Med. of Yeshiva Univ.*,
   73 A.D.3d 634 (1st Dep't 2010) ..............................................................................22

*Papasan v. Allain*,
   478 U.S. 265 (1986)..................................................................................................6

*Papelino v. Albany Coll. of Pharmacy of Union Univ.*,
   633 F.3d 81 (2d Cir. 2011)................................................................................ 17, 23

*Perry v. NYSARC, Inc.*,
   424 Fed. Appx. 23 (2d Cir. 2011) ...........................................................................10

*Prasad v. Cornell Univ.*,
   No. 5:15-cv-322, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016).............................23

*Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.*,
   No. 04-cv-704 (RPP), 2005 WL 1214281 (S.D.N.Y. May 20, 2005)................ 21, 23

*Robinson v. Metro-N. Commuter R.R.*,
   267 F.3d 147 (2d Cir. 2001)....................................................................................16

*Rodal v. Anesthesia Grp. of Onondaga, P.C.*,
   369 F.3d 113 (2d Cir. 2004)....................................................................................12

*Sacks v. Gandhi Eng'g, Inc.*,
   999 F.Supp.2d 629 (S.D.N.Y. 2014)........................................................................8

*Schmidli v. City of Fraser*,
 784 F.Supp. 2d 794 (E.D. Mich. 2011) ......................................................................9

*Smith v. Reg'l Plan Ass'n*,
 No. 10-cv-5857 (BSJ) (KNF), 2011 WL 4801522 (S.D.N.Y. Oct. 7, 2011) .......................10

*Smith v. Salvation Army*,
 No. 3:13-cv-505, 2015 WL 12556136 (N.D. Ind. Feb. 10, 2015) ....................................9

*Stern v. State Univ. of New York*,
 No. 16-cv-5588 (NG)(GLB), 2018 WL 4863588 (E.D.N.Y. Sept. 30, 2018) .....................12

*Tesoriero v. Syosset Cent. Sch. Dist.*,
 382 F.Supp. 2d 387 (E.D.N.Y. 2005) ......................................................................13

*Tolbert v. Queens Coll.*,
 242 F.3d 58 (2d Cir. 2001) ................................................................................13

*Toshiba Am. Consumer Prods., Inc.*,
 129 F.3d 240 (2d Cir. 1997) ..............................................................................6

*Toyota Motor Mfg., Ky., Inc.*,
 534 U.S. 184 (2002) ......................................................................................7

*Tucker v. Gonzales*,
 No. 03-cv-3106 (LTS)(FM), 2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005) ......................17

*United States v. Hernandez-Fundoru*,
 58 F.3d 802 (2d Cir.1995) ................................................................................19

*Vega v. Hempstead Union Free School Dist.*,
 801 F.3d 72 (2d Cir. 2015) ..............................................................................15

*Victory v. Hewlett-Packard Co.*,
 34 F.Supp. 2d 809 (E.D.N.Y. 2009) ......................................................................16

*Ward v. N.Y. Univ.*,
 No. 99-cv-8733 (RCC), 2000 WL 1448641 (S.D.N.Y. Sept. 28, 2000) ............................23

*Wharton v. Duke Realty, LLP*,
 467 F.Supp. 2d 381 (S.D.N.Y. 2006) ......................................................................5

*Wilkus v. Fergus Falls Med. Grp., P.A.*,
 No. 08-cv-1365 (MJD)(RLE), 2009 WL 10711134 (D. Minn. Oct. 2, 2009) .......................9

*Williams v. City University of New York, Brooklyn College*,
 No. 10-cv-2127 (CBA)(LB), 2011 WL 6934755 (E.D.N.Y. Dec. 30, 2011) .......................14

*Williams v. N.Y. City Hous. Auth.*,
    458 F.3d 67 (2d Cir. 2006) ..................................................................................17

*Wright v. Illinois Dep't of Corrections*,
    204 F.3d 727 (7th Cir. 2000) ...............................................................................9

## Statutes

29 U.S.C. § 794 ............................................................................................................1

29 U.S.C. § 794(a) ....................................................................................................6, 7

42 U.S.C. § 12132 ........................................................................................................6

42 U.S.C. § 12182 ........................................................................................................1

N.Y. Exec. Law § 296(2)(a) ......................................................................................12

## Rules

Fed. R. Civ. P. 8(a)(2) ..................................................................................................6

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 5

N.Y. C.P.L.R. § 217 ..................................................................................................22

## Regulations

29 C.F.R. § 1630.2(g)(1)(iii) .......................................................................................8

29 C.F.R. § 1630.2(j)(1)(ii) ........................................................................................7

NYC Admin. Code § 8–101 ......................................................................................19

## PRELIMINARY STATEMENT

Defendant New York Institute of Technology ("NYIT"), respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint (the "Complaint") with prejudice. Plaintiff, Elijah Schimkewitsch ("Plaintiff"), a former NYIT student, alleges in the Complaint that NYIT: (1) discriminated against him based on his alleged disability of anxiety disorder and/or perceived disability in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12182 *et seq*. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehab Act"), the New York State Human Rights Law ("NYSHRL"), the Nassau County Human Rights Law ("Nassau HRL") and the New York City Human Rights Law ("NYCHRL"); (2) subjected him to gender discrimination based on disparate treatment and disparate impact in violation of the NYSHRL, Nassau HRL and NYCHRL; (3) discriminated against him based on his alleged Ukrainian and/or Russian national origin in violation of the NYSHRL, Nassau HRL and NYCHRL; (4) retaliated against him in violation of the NYSHRL, Nassau HRL and NYCHRL; (5) breached an implied agreement; (6) was unjustly enriched; and (7) owes Plaintiff reimbursement based on the doctrine of quantum meruit.

Plaintiff's claims of disability, national origin and gender discrimination should be dismissed as they contain blanket, conclusory assertions that NYIT engaged in such alleged discriminatory conduct without any facts to support plausible claims. Plaintiff's retaliation claim should also be dismissed as he fails to allege that he engaged in protected activity. With respect to Plaintiff's breach of contract, unjust enrichment and quantum meruit claims, the gravamen of each of these claims is that NYIT failed to fairly apply its policies in dismissing him from the Physician Assistant program. Plaintiff's exclusive remedy to challenge any determinations made by NYIT relative to his dismissal was to timely commence a proceeding pursuant to Article 78 of the C.P.L.R. within the applicable four-month statute of limitations. He failed to do so. For the reasons set forth below, Plaintiff's Complaint should be dismissed.

## STATEMENT OF FACTS[1]

### I.    PLAINTIFF'S ENROLLMENT AT NYIT

NYIT is a not-for-profit, private, and nonsectarian institution of higher education with campuses located in Old Westbury, New York and New York, New York. (Compl., ¶ 6). In the Complaint, Plaintiff alleges that in September 2016 he enrolled at NYIT's School of Health Professions, one of NYIT's schools located at NYIT's Old Westbury campus, in an effort to thereafter obtain a Master's Degree in Physician Assistant Studies (the "Program"). (*Id.* at ¶¶ 9-11).

### II.    PLAINTIFF'S COMPLAINT

In the Complaint, Plaintiff alleges that NYIT discriminated against him during his studies at NYIT based on his national origin, gender and alleged actual and/or perceived disability, as well as retaliated against him. Plaintiff further alleges that NYIT breached a contract to provide educational services to Plaintiff and, as such, NYIT was unjustly enriched and should reimburse Plaintiff based on the doctrine of quantum meruit. For the reasons stated herein, Plaintiff's Complaint should be dismissed.

#### A.    Plaintiff's National Origin Discrimination Claims

In February 2017, Plaintiff alleges that he identified to one professor at NYIT, Dr. David Jackson, that Plaintiff was a "first-generation Ukrainian" and, thereafter, "Dr. Jackson began treating [Plaintiff] noticeably and significantly worse than other students." (Compl., ¶¶ 13-14). According to Plaintiff, Dr. Jackson allegedly made a discriminatory comment about a different national origin, specifically that "Russian culture including, but not limited to, his belief that Russians do not believe in modern medicine." *Id.* at ¶ 16. Plaintiff makes a blanket assertion that other faculty and/or administrators in his degree program subjected him to harassment and adverse employment actions based on his ethnicity

---

[1]    For purposes of this motion only, NYIT construes the facts that Plaintiff alleges in his Complaint as true. Any reference to such facts and citations alleged in the Complaint are based on this obligation and are not to be construed as an admission by NYIT that any of the facts alleged in the Complaint are true.

without identifying who allegedly subjected him to this alleged discriminatory conduct, whether they had knowledge of Plaintiff's national origin and what the alleged discriminatory conduct entailed. *Id.* at ¶ 17. Plaintiff cites to one example to support his claim, namely that the Chairperson of the Program, Zehra Ahmed ("Ahmed"), allegedly denied Plaintiff's appeal of a grade. *Id.* at ¶¶ 18-19. Nowhere within the Complaint does Plaintiff allege that Ahmed was aware of Plaintiff's alleged national origin or that he was treated differently than other similarly-situated employees of a different national origin.

B.    **Plaintiff's Gender Discrimination Claims**

As for Plaintiff's gender discrimination claims, Plaintiff alleges that he was the subject of a Title IX investigation, which concluded in April 2017 without a finding of wrongdoing by Plaintiff. *Id.* at ¶¶ 20-21. Thereafter, Plaintiff alleges that "agents of NYIT engaged in a pattern and practice of targeting, discriminating and/or retaliating against [Plaintiff] because he is male." *Id.* at ¶ 23. Plaintiff makes further blanket assertions that he was subject to disparate treatment, including that he had to adhere to certain NYIT handbook policies; whereas, other female students did not. *Id.* at ¶¶ 24-32. Specifically, Plaintiff alleges that an unidentified female student received lower grades on her examinations, but received a higher grade than Plaintiff in the course. *Id.* at ¶ 28. Plaintiff also alleges that NYIT was more lenient to females when enforcing NYIT's dress code and time and attendance policies, without providing any specific examples. *Id.* at ¶¶ 29-30. Finally, Plaintiff alleges that the gender of the student population in his degree program does not represent the community population and, as such, NYIT's enforcement of its "policies, practices and/or actions" has a disparate impact on male students. *Id.* at ¶ 32.

C.    **Plaintiff's Claims of Disability and/or Perceived Disability Discrimination**

In an attempt to support his disability discrimination claims, Plaintiff alleges that Ahmed accused Plaintiff of acting "unprofessionally" after Plaintiff informed Ahmed that he was unable to attend a requested meeting. *Id.* at ¶¶ 33-35. Thereafter, on May 24, 2017, Plaintiff alleges that he attended an Academic Standing Committee ("ASC") meeting to appeal his grade, which appeal was allegedly

denied. *Id*. at ¶¶ 36-37. At the conclusion of the meeting, Plaintiff alleges that Dr. Jackson told Plaintiff that he "should get psychiatric counseling or executive coaching." *Id*. at ¶ 36. It is based on this one alleged remark that Plaintiff contends that "the ASC and other NYIT agents perceived [Plaintiff] as being psychologically disabled." *Id*.

Subsequently, Plaintiff alleges that "the ASC and/or other NYIT agents commenced a pattern and practice of targeted harassment as part and parcel of an agenda to expel [Plaintiff] from the program due to his disability, record of being disabled, and their perception of him being disabled." *Id*. at ¶39. For example, Plaintiff alleges that he missed one class in November 2017 and, as a result, NYIT allegedly placed him on probation, an alleged deviation from NYIT's policy. *Id*. at ¶¶ 40-41.

Plaintiff also alleges that he was assigned to a clinical rotation at Long Island Jewish Medical Center (the "Medical Center"). *Id*. at ¶ 42. Plaintiff contends that during a 27-hour shift at the Medical Center, Plaintiff requested a 4-hour break in accordance with NYIT's policies and was sent home by the Medical Center during the final hour of this break. *Id*. at ¶¶ 43-44. On August 13, 2018, Plaintiff alleges that he attended a meeting at NYIT during which "spurious allegations were fabricated regarding the reason [Plaintiff] was sent home from his clinical rotation…that [Plaintiff] engaged in conduct that risked patient harm." *Id*. at ¶ 46. Plaintiff contends that NYIT dismissed him from his clinical rotation on August 13, 2018 without consideration to his version of the alleged events. *Id*. at ¶¶ 47-48.

On September 3, 2018, NYIT allegedly placed Plaintiff on "emergency suspension which also required that [Plaintiff] receive psychiatric clearance before he could return to school." *Id*. at ¶49. Plaintiff contends that this confirms that NYIT suspended him because of his alleged actual and/or perceived disability. *Id*. at ¶ 51. Plaintiff alleges that after his suspension he met with an alleged NYIT-affiliated psychiatrist who diagnosed him with anxiety disorder, the first time Plaintiff alleges in the Complaint that NYIT was aware of any diagnosis of Plaintiff's alleged disability. *Id*. at ¶¶ 50-52. Plaintiff also

alleges that the psychiatrist communicated to NYIT that Plaintiff was "fit to resume academic studies," yet NYIT nevertheless dismissed Plaintiff from the Program on December 6, 2018.[2] *Id*. at ¶¶ 53-55.

### D.   Plaintiff's Claims of Breach of Contract, Unjust Enrichment and Quantum Meruit

Finally, Plaintiff alleges that NYIT breached its contract to provide educational services to Plaintiff in exchange for Plaintiff's payment of tuition and fees to NYIT. *Id*. at ¶¶ 65-66. Specifically, Plaintiff alleges that he had paid for, and completed, 73 credit hours of the required 98 credit hours at the time of his dismissal from the Program, which has resulted in significant student debt to Plaintiff. *Id*. at ¶¶ 57-59. Plaintiff contends that NYIT was unjustly enriched and, as such, Plaintiff is entitled to reimbursement for any payments of tuition and fees.

For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

## ARGUMENT

## I.   THE STANDARD FOR EVALUATING A MOTION TO DISMISS

Pursuant to Rule 12(b)(6), the Court must order dismissal where the operative pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *citing Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wharton v. Duke Realty, LLP*, 467 F.Supp. 2d 381, 387 (S.D.N.Y. 2006). "Threadbare recitals of the elements of a cause of action, supported

---

[2]    It should be noted that nowhere within the Complaint does Plaintiff set forth the alleged basis for his dismissal from the Program. If the Court deems it appropriate, we will set forth the basis, at length, for Plaintiff's dismissal from the Program.

by mere conclusory statements, do not suffice." *Id.* at 678. Courts may neither "'assume that the [plaintiff] can prove facts that [he] has not alleged,'" *Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 243 (2d Cir. 1997), *quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)) (*alteration in original*), nor "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (*citation omitted*). A plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" *Iqbal*, *supra* 556 U.S. at 679, *quoting* Fed. R. Civ. P. 8(a)(2), and a movant is entitled to dismissal.

## II. THE COMPLAINT FAILS TO ALLEGE PLAUSIBLE CLAIMS OF DISABILITY, NATIONAL ORIGIN AND GENDER DISCRIMINATION REQUIRING THEIR DISMISSAL

### A. Plaintiff's Disability Discrimination Claims Under the ADA and the Rehab Act Should Be Dismissed

Although Plaintiff describes a litany of conduct that he challenges and attributes to invidious discrimination, even if construed liberally, the allegations in the Complaint wholly fail to state a claim that NYIT discriminated against Plaintiff *by reason of* or *solely because of* any qualifying disability in violation of the ADA or the Rehab Act (the "Acts"). (*See* Complaint, ¶¶ 67-72.).

The Acts both protect "qualified individual[s] with a disability." 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Likewise, under the Rehab Act, "[n]o otherwise qualified individual with a disability [...] shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Because the standards adopted by the two statutes are nearly identical, courts in this Circuit consider the merits of these claims together. *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

To state a claim under the Acts, Plaintiff must demonstrate that (1) he is a "qualified individual" with a disability, (2) NYIT is subject to the Acts, and (3) Plaintiff was denied the opportunity to participate in or benefit from NYIT's services, programs or activities, or was otherwise discriminated against by NYIT, by reason of his disabilities. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003), *citing Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998). For purposes of this motion only, NYIT does not dispute that it is a place of "public accommodation" subject to the Acts.

### 1.   *Plaintiff is Not a Qualified Individual with a Disability Under the Acts*

First, Plaintiff fails to allege a plausible claim that he was disabled within the meaning of the Acts. "Not every impairment is a 'disability' within the meaning of the ADA [and the Rehab Act]; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). "'[M]ajor life activities' are 'activities that are of central importance to daily life.'" *Capobianco*, 422 F.3d at 56, *quoting Toyota Motor Mfg., Ky., Inc.*, 534 U.S. 184, 198 (2002). An impairment only constitutes a disability under the Acts, however, "if it substantially *limits the ability* of an individual to perform a major life activity as compared to most people in the general population." C.F.R. § 1630.2(j)(1)(ii) (*emphasis added*).

The Complaint does not allege adequate facts to conclude that Plaintiff is "disabled" within the meaning of the Acts. To the extent Plaintiff alleges that he was "diagnosed with anxiety disorder" (Complaint, ¶ 7), Plaintiff fails to allege how, if at all, this condition affected Plaintiff's ability to perform any major life activities. The Complaint merely contains a purely conclusory, formulaic recitation that "[he] has a mental impairment that substantially limits one or more major life activities," without detailing the "life activities" that are purportedly limited. (Complaint, ¶ 68); *see DigitAlb, Sh.a v. Setplex, LLC*, 284 F.Supp. 3d 547, 554 (S.D.N.Y. 2018), *citing Iqbal*, *supra*, 556 U.S. at 678.

- 7 -

Moreover, Plaintiff's allegations concerning his diagnosis undercut any inference that his anxiety disorder was disabling, or that it impaired or limited his ability to perform any major life activities, including his participation in the Program. (*See* Complaint, ¶ 53 ("[t]he psychiatrist who evaluated [Plaintiff] communicated repeatedly to the NYIT administration that [Plaintiff] suffered from anxiety disorder but was fit to resume academic studies.")). As alleged, there is no basis for this Court to infer that Plaintiff is "disabled" within the meaning of the Acts sufficient to state a claim.

### 2. *Plaintiff Fails to Allege That He Was Perceived as Having a Disability*

Plaintiff also fails to plead sufficient facts to allege a plausible claim under the "regarded as" prong of the Acts. A plaintiff is afforded the protections of the Acts if he alleges that his employer perceived him to be disabled and discriminated against him based on that erroneous belief. *Mitchell v. New York City Transit Auth.*, 856 F.Supp.2d 478, 484 (E.D.N.Y. 2012), *citing Hilton v. Wright*, 673 F.3d 120, 128–30 (2d Cir. 2012). "When a plaintiff brings a claim on the basis […] that [he was] […] regarded […] as disabled, 'the decisive issue is the […] perception […] [of the] alleged impairment.'" *Sacks v. Gandhi Eng'g, Inc.*, 999 F.Supp.2d 629, 633 (S.D.N.Y. 2014), *quoting Giordano v. City of New York*, 274 F.3d 740, 748 (2d Cir.2001). Even under the 2008 amendments to the ADA, to plead a claim based on a perceived disability Plaintiff must still allege that he "has been subjected to an action prohibited by the ADA as amended *because of* an actual or perceived impairment that is not both 'transitory and minor.'" 29 C.F.R. § 1630.2(g)(1)(iii) (*emphasis added*).

The only allegations Plaintiff has alleged that could possibly suggest that NYIT perceived him to have an impairment are as follows: (1) a comment from a member of the ASC, Dr. Jackson, allegedly stating that Plaintiff "should get psychiatric counseling or executive coaching" (Complaint, ¶36); and (2) the diagnosis from the psychiatrist who evaluated Plaintiff in compliance with NYIT's directive that he obtain psychiatric clearance (*see* Complaint, ¶¶40-53).

As to Dr. Jackson's comment, this single, isolated remark suggesting that Plaintiff should seek counseling or executive coaching does not adequately allege that NYIT perceived Plaintiff as being disabled. At most, this comment only speaks to Dr. Jackson's perception that Plaintiff needed counseling or executive coaching at that time, and offers no insight into whether he believed that Plaintiff had a serious, pervasive impairment. *See Wright v. Illinois Dep't of Corrections*, 204 F.3d 727, 731-33 (7th Cir. 2000) (request that an employee be medically examined does not establish that an employer regarded an employee as disabled); *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998); *Hobson v. St. Luke's Hosp. & Health Network*, No. CIV.A. 08-CV-05652, 2009 WL 3125513, at *5 (E.D. Pa. Sept. 28, 2009); *Wilkus v. Fergus Falls Med. Grp., P.A.*, No. 08-cv-1365 (MJD)(RLE), 2009 WL 10711134, at *9 (D. Minn. Oct. 2, 2009); *McNally v. Aztar Indiana Gaming Co., LLC*, No. 3:12-cv-00063 (TWP), 2014 WL 300433, at *3 (S.D. Ind. Jan. 28, 2014) (suggesting that plaintiff seek professional counseling does not establish that the employer perceived him as disabled); *Schmidli v. City of Fraser*, 784 F.Supp. 2d 794, 805 (E.D. Mich. 2011) (a manager's requiring an employee to seek counseling is insufficient to support a claim of perceived disability discrimination); *Smith v. Salvation Army*, No. 3:13-cv-505, 2015 WL 12556136, at *5 (N.D. Ind. Feb. 10, 2015). In addition, a reference to executive coaching does not imply anything relating to mental health.

As to Plaintiff's allegations concerning his diagnosis by a NYIT-affiliated psychiatrist, Plaintiff has alleged that the psychiatrist simultaneously certified at the time of diagnosis that the condition did not impair or limit Plaintiff's ability to perform his academic studies, undercutting any inference that his anxiety disorder was anything other than transitory and minor. (Complaint, ¶53). Accordingly, Plaintiff cannot plausibly state a claim that he was perceived as having a qualifying disability.

**3.    *Plaintiff Fails to Allege That Any Alleged Adverse Action Occurred Under Circumstances Giving Rise to an Inference of Disability Discrimination***

As recently confirmed by the Second Circuit, to state a plausible claim under the Acts Plaintiff must allege that discrimination based on a disability "was a 'but-for' cause of the adverse action, and not simply a 'substantial' or 'motivating' factor in the [defendant's] decision." *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d Cir. 2013); *see Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019).

In the Complaint, Plaintiff simply makes blanket assertions that a broad range of otherwise unrelated conduct is based on his alleged actual and/or perceived disability. (*See* Complaint, ¶39 ("from the moment the ASC identified [Plaintiff] as being psychologically disabled, the SAC and/or other NYIT agents commenced a pattern and practice of targeted harassment as part and parcel of an agenda to expel [Plaintiff] from the program due to his disability")). This allegation is entirely conclusory, and insufficient to create an inference of discriminatory animus under the Acts. A bare assertion of discriminatory animus, without any specific factual support, is not sufficient to state a claim under these Acts. *See*, *e.g.*, *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. 2011) (citing *Twombly* plausibility standard and dismissing ADA claims partly on grounds that the "facts alleged in [plaintiff's] complaint provide no direct evidence of [disability] discrimination" or suggestion of a discriminatory motive); *Smith v. Reg'l Plan Ass'n*, No. 10-cv-5857 (BSJ) (KNF), 2011 WL 4801522, at *6 (S.D.N.Y. Oct. 7, 2011) ("[w]ithout actual facts demonstrating discriminatory animus, discrimination is just one possibility for [defendant's] actions—as such, plaintiff's claim may be conceivable, but it is certainly not plausible.")

An inference of discrimination can arise from circumstances including, but not limited to, criticism of a plaintiff in degrading terms relating to his protected characteristic, or through invidious comments about others in the plaintiff's protected group, or the more favorable treatment of other individuals not in the protected group, or from the sequence of events leading up to the challenged

actions. *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015), *citing Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009). Plaintiff has failed to make any such allegations here.

As discussed above, *supra* at Pt. II.A.2, Dr. Jackson's alleged comment that Plaintiff "should get psychiatric counseling or executing coaching" (Complaint, ¶36), does not imply that he or any other NYIT personnel regarded Plaintiff as having a "disability," and thus could not constitute a disparaging reference to this status. Otherwise, there are no other allegations in the Complaint that anyone—whether a NYIT student, faculty member, or anyone else—ever even referred to or remarked upon Plaintiff's anxiety diagnosis in any way, let alone in a disparaging or degrading way.

In the absence of direct evidence demonstrating discriminatory intent, "[a] plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of similarly situated employees but 'must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self,'" *Novick v. Vill. of Wappingers Falls, New York*, 376 F.Supp. 3d 318, 342 (S.D.N.Y. 2019) (*citations omitted*). Nowhere in the Complaint does Plaintiff ever identify any other student to whom he could reasonably compare himself—that is, who is otherwise similarly situated to himself but not diagnosed with anxiety disorder—let alone does he allege that any such students received different or more favorable treatment than he did. Specifically, nowhere within the Complaint does Plaintiff allege that another student without a disability engaged in the same conduct as Plaintiff and was not suspended and/or dismissed from the Program. Where, as here, plaintiffs have failed to identify any similarly situated comparators in the absence of direct evidence of discriminatory intent, courts in this Circuit have routinely dismissed disability discrimination claims. *See*, *e.g*., *Abel v. NYC Human Resources Admin.*, No. 10-CV-295, 2011 WL 812309, at *5 (S.D.N.Y. Mar. 3, 2011) (dismissing ADA claims where the plaintiff failed to identify any nondisabled comparators); *Fox v. State Univ. of New*

*York*, 686 F.Supp.2d 225, 230 (E.D.N.Y. 2010) (dismissing disability discrimination claim where plaintiff failed to name any similarly situated, nondisabled comparators who were treated differently).

Finally, Plaintiff also alleges other discriminatory motivations for the determinations he challenges, i.e., that NYIT also discriminated against him based on his gender and national origin and retaliated against him. Plaintiff's assertion that NYIT had multiple reasons for discriminating against him undermines any claim that the alleged discrimination took place *solely* due to any alleged disability. *See Natofsky*, *supra*, 921 F.3d at 348; *see also Stern v. State Univ. of New York*, No. 16-cv-5588 (NG)(GLB), 2018 WL 4863588, at *13 (E.D.N.Y. Sept. 30, 2018) ("[t]he multitude of motivations proffered by Plaintiff for these adverse actions dooms her discrimination claim").

As a result, Plaintiff's disability discrimination claims under the Acts should be dismissed.

B.   **Plaintiff's NYSHRL Discrimination Claims Should Be Dismissed For Failure to State a Claim**

In the Complaint, Plaintiff alleges that NYIT discriminated against him based on his disability or perceived disability, gender and national origin in violation of the NYSHRL. As addressed herein, the Complaint fails to sufficiently allege any plausible claim under the NYSHRL, requiring dismissal of these claims.

1.   *Plaintiff Fails to Allege a Plausible Claim of Disability Discrimination*

"New York State disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004); *see also* N.Y. Exec. Law § 296(2)(a) (making it unlawful for any "person, [including] the owner, [...] agent[,] or employee of any place of public accommodation" to discriminate on the basis of disability). Even independently reviewing the allegations in the Complaint, Plaintiff's NYSHRL disability discrimination claims should be dismissed for the same reasons that Plaintiff's ADA claims should be dismissed. (*Cf*. Pt. II.A, *supra*).

Again, there are simply no allegations of direct discriminatory animus in the Complaint that anyone at NYIT ever referred to or remarked upon Plaintiff's anxiety diagnosis in any way, let alone in a disparaging or degrading way. Plaintiff has further failed to plead any allegations of indirect discriminatory animus, as he fails to identify a similarly situated, but non-disabled comparator who received more favorable treatment. In the absence of either direct evidence of animus or indirect, comparator evidence, Plaintiff fails to plausibly allege that any claimed disability was the "but for" cause of any challenged act. There is simply nothing linking Plaintiff's alleged anxiety diagnosis to his suspension, which allegedly occurred before the diagnosis, or his dismissal from the Program in December 2018. Even under a lesser "motivating" standard, Plaintiff's bare and conclusory assertions are insufficient to allege that any of the alleged actions by NYIT, such as Plaintiff's dismissal from the program, were motivated by Plaintiff's alleged disability.

## 2.    *Plaintiff Fails to Allege a Plausible Claim of National Origin Discrimination*

Plaintiff also fails to allege a claim of national origin discrimination under the NYSHRL. To establish a claim, Plaintiff must allege "(1) that the defendant discriminated against him on the basis of national origin; (2) that [the] discrimination was intentional; and (3) that discrimination was a substantial and motivating factor for the defendant's actions." *Manolov v. Borough of Manhattan Community College*, 952 F.Supp.2d 522, 531 (S.D.N.Y. 2013) (setting forth standard for Title VI claims); *see also Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001). *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F.Supp. 2d 387, 400 (E.D.N.Y. 2005) ("NYSHRL discrimination claims are evaluated using the same analytic framework as federal discrimination actions.")

Critically, because discrimination must be a "substantial and motivating factor" for any of the challenged conduct, plaintiffs bringing claims against a university under the NYSHRL must plead discriminatory animus with particularity. *Lopez v. Bay Shore Union Free Sch. Dist.*, 668 F.Supp. 2d 406, 414 (E.D.N.Y. 2009). Purely conclusory allegations of discrimination, such as

those advanced by Plaintiff, are insufficient as a matter of law to infer animus sufficient to state a claim. *See Williams v. City University of New York, Brooklyn College*, No. 10-cv-2127 (CBA)(LB), 2011 WL 6934755, at *6 (E.D.N.Y. Dec. 30, 2011).

Here, Plaintiff alleges that he "identif[ied] himself as a first-generation Ukrainian" in a course taught by Dr. Jackson. (Complaint, ¶¶13, 15). Plaintiff then wildly speculates that, thereafter, "the faculty and/or administration of the Physician Assistant Studies program began to harass and take adverse actions against plaintiff for unlawful discriminatory reasons, including, but not limited to, his ethnicity." (Complaint, ¶17). The Complaint fails to identify who allegedly subjected him to this alleged discriminatory conduct, whether he or she had knowledge of Plaintiff's national origin and what the alleged discriminatory conduct entailed. Plaintiff only alleges that Ahmed denied Plaintiff's appeal of a grade without alleging that Ahmed had knowledge of Plaintiff's national origin or that Plaintiff was treated differently than other similarly-situated students of a different national origin. Plaintiff also cites to an alleged remark that Dr. Jackson purportedly made "that Russians do not believe in modern medicine." Not only does this comment fail to reference Plaintiff's Ukrainian[3] national origin or state anything derogatory about Plaintiff and/or his Ukrainian national origin, but Plaintiff does not allege how this alleged remark is connected at all to any alleged adverse action, such as the denial of his appeal of a grade, his suspension or his dismissal from the Program. In fact, the Complaint fails to link any alleged adverse action or subsequent conduct to his national origin that could permit a plausible inference that any of the conduct about which he complains had anything to do with his national origin, *let alone was motivated by discriminatory animus, even in part. See Forde v. Empire State Coll.*, No. 10-cv-9446 (CM)(THK), 2011 WL 4376499, at *3 (S.D.N.Y. Sept. 19, 2011).

---

[3] Plaintiff seems to be claiming in the Complaint that he identifies as both Ukrainian and Russian; however, he only alleges that he disclosed his alleged Ukrainian national origin to Dr. Jackson.

On similarly deficient pleadings, courts have consistently granted dismissal of discrimination claims for failure to state a claim. *Kajoshaj v. New York City Department of Education*, 543 Fed.Appx. 11, 14 (2d Cir. 2013); *Manolov*, 952 F.Supp. 2d at 532. Aside from Plaintiff's naked, conclusory accusations of *alleged discriminatory conduct*, there is absolutely no basis from which this Court might conclude that Plaintiff's national origin impermissibly motivated any actionable conduct, requiring dismissal of this claim.

      **3.**      ***Plaintiff Fails to Allege a Plausible Claim of Gender Discrimination Based on Disparate Treatment***

As with Plaintiff's claims predicated on national origin, Plaintiff's NYSHRL gender discrimination claims are also palpably insufficient as they fail to allege "'at least minimal support for the proposition that [any disparate treatment] was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015), *quoting Littlejohn*, 795 F.3d at 311. Plaintiff alleges that a female student received lower grades than Plaintiff on her examinations, but still received a higher grade in the course overall. (Complaint, ¶28). However, without any information about the other student or the course, both of which are unidentified, or any way of reasonably comparing the student's respective grades, such as whether other coursework was a factor in final grades, these allegations, without more, cannot create a plausible inference that gender-based discriminatory animus explains their circumstances. Plaintiff's allegations concerning NYIT's enforcement of its handbook policies are also insufficient for the same reasons. Plaintiff's blanket assertions that NYIT was more lenient with female students when enforcing some of its policies are essentially conclusory, couched as factual allegations. At the pleading stage, Plaintiff must allege facts from which gender-based animus can be reasonably inferred. Plaintiff's failure to do so requires dismissal of this claim.

**4.**      *Plaintiff Fails to Allege a Plausible Claim of Disparate Impact Based on Gender*

To allege a *prima facie* disparate impact claim under the NYSHRL, a plaintiff must "(1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 151 (2d Cir. 2012) (*citation omitted*), *cert. denied, sub nom Eng. v. Port Authority of N.Y. & N.J.*, 569 U.S. 904 (2013); *see also Victory v. Hewlett-Packard Co.*, 34 F.Supp. 2d 809, 826-27 (E.D.N.Y. 2009) (*internal citations omitted*) (holding that disparate impact claims brought under the NYSHRL are analyzed in a manner analogous to those claims brought under federal law). "[D]isparate impact claims are concerned with whether employment policies or practices that are neutral on their face and were not intended to discriminate have nevertheless had a disparate effect on the protected group." *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 160 (2d Cir. 2001).

Plaintiff fails to allege a plausible disparate impact claim, as he does not identify in the Complaint any neutral NYIT policies or practices. Instead, Plaintiff alleges that certain NYIT policies or practices, such as the dress code and rules concerning tardiness and absenteeism, were rigidly applied to male students, "whereas many female students were affirmatively and regularly permitted to violate Handbook policies." (Complaint, ¶25). These allegations are not facially neutral practices; rather, they are allegations that *female students were treated better than male students*, that is, disparate treatment. Such allegations cannot constitute a plausible disparate impact claim. *Gordon v. City of New York*, No. 14-cv-6115 (JPO), 2015 WL 3473500, at *11 (S.D.N.Y. June 2, 2015) (dismissing disparate impact claim as "[r]ather than identify a neutral employment policy with a statistically significant adverse impact, plaintiff argues [...] that he was subjected to deliberate discriminatory conduct"); *see also Attard v. City of New York*, 451 F.App'x

21, 24 (2d Cir. 2011) ("the 'preference' of disciplinary charges 'against older teachers' is not a neutral practice, but rather intentional discrimination").

Similarly, any allegation that "student enrollment [at NYIT] does not accurately represent the population in terms of diversity" (Complaint, ¶¶23, 32) cannot support a plausible disparate impact claim. While Plaintiff may allege that "the student body population at NYIT School of Health Professions is substantially and majorly female" (Complaint, ¶23), "it is not enough for a plaintiff simply to allege that there is a 'bottom line' racial imbalance in the [population] [...] [i]nstead, a plaintiff must identify a facially neutral [...] policy or practice [...] that has a significant disparate impact on a protected class." *Tucker v. Gonzales*, No. 03-cv-3106 (LTS)(FM), 2005 WL 2385844, at *5 (S.D.N.Y. Sept. 27, 2005) (*internal citations omitted*). As Plaintiff fails to allege the basic elements of a disparate impact claim, this claim should be dismissed.

C.    **Plaintiff's NYSHRL Retaliation Claim Should Be Dismissed**

Plaintiff's retaliation claim under the NYSHRL should also be dismissed as he fails to allege in the Complaint that he engaged in protected activity. Under the NYSHRL, a plaintiff claiming retaliation must first establish a *prima facie* case by showing: (1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity; (3) adverse school-related action; and (4) a causal connection between the protected activity and the adverse action. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011). "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000). While Plaintiff need not specifically plead every element of a *prima facie* case to survive a motion to dismiss, the Complaint must nevertheless plead facts sufficient to render a retaliation claim plausible. *Id.*, *citing Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 71-72 (2d Cir. 2006).

New York courts have held that to constitute protected activity, any such formal or informal complaint must be *about unlawful discrimination*, as "[c]omplaining of conduct other than unlawful

discrimination [...] is simply not a protected activity subject to a retaliation claim." *Mi-Kyung Cho v. Young Bin Cafe*, 42 F.Supp. 3d 495, 507 (S.D.N.Y. 2013) (*internal citations omitted*). While the Complaint contains a single, conclusory allegation in the recitation of the retaliation cause of action that, "[a]s described above […] Schimkewitsch complained or attempted to complain about […] unlawful discriminatory practices" (*see* Complaint, ¶81), the Complaint does not contain even a single allegation that could be construed as Plaintiff complaining about or opposing unlawful discrimination. (*See* Complaint, *generally*.) Plaintiff does not allege that he ever lodged a complaint of any kind with NYIT concerning any alleged discrimination prior to this expulsion. (*Id.*).

At best, Plaintiff may argue that he defended himself in disciplinary proceedings regarding alleged misconduct, and gave "statements with regard to what transpired." (*See* Complaint, ¶47). This is insufficient to constitute protected activity under the law as there is no indication that any of these statements concerned alleged discrimination or retaliation. *Dabney v. Christmas Tree Shops*, No. 10-cv-8734 (CS), 2013 WL 3820668, at *8 (S.D.N.Y. July 24, 2013), *citing Aspilaire v. Wyeth Pharm., Inc.*, 612 F.Supp.2d 289, 308-09 (S.D.N.Y. 2009) ("[t]he onus is on the speaker to clarify […] that he is complaining of unfair treatment *due to his membership in a protected class* and that he is not complaining merely of unfair treatment generally […] [w]hile plaintiff may have believed that []he was the victim of discrimination, an undisclosed belief of such treatment will not convert an ordinary employment complaint into a protected activity."); *Benyard v. White Plains Hosp. Med. Ctr.*, No. 12-cv-1810 (NSR), 2013 WL 6003733, at *7 (S.D.N.Y. Nov. 12, 2013) *Martinez v. N.Y.C. Dep't of Educ.*, No. 04–cv–2728 (LTS)(DFE), 2008 WL 2220638, at *11 (S.D .N.Y. May 27, 2008). Plaintiff's failure to allege that he engaged in protected activity dooms his NYSHRL retaliation claim, requiring its dismissal.

D.   **Plaintiff's NYCHRL Discrimination and Retaliation Claims Should Be Dismissed as the Statute Does Not Apply to Acts that Occur Outside of New York City**

In the Complaint, Plaintiff also alleges that NYIT discriminated against him because of his disability, gender and national origin, as well as retaliated against him, in violation of the NYCHRL. Plaintiff's NYCHRL claims should be dismissed as Plaintiff is not covered under the statute as the NYCHRL only covers "those who inhabit or are 'persons in' the City of New York. *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 289 (N.Y. 2010), *citing* NYC Admin. Code § 8–101. To state a claim under the NYCHRL, a plaintiff must allege that an employer discriminated against him "within New York City." *Lambui v. Collins,* No. 14-cv-6457 (JS)(AYS), 2015 WL 5821589, at \*4 (E.D.N.Y. Sept. 30, 2015); *Fried v. LVI Servs., Inc.*, No. 10–CV–9308, 2011 WL 4633985, at \*12 (S.D.N.Y. Oct. 4, 2011) "[T]o determine the location of the discrimination under the NYCHRL, courts look to the location of the impact of the offensive conduct." *Curto v. Med. World Commc'ns, Inc.*, 388 F.Supp.2d 101, 109 (E.D.N.Y. 2005).

Here, Plaintiff has failed to plead any acts that either took place in, or impacted him within, the boundaries of New York City sufficient for the NYCHRL to apply. Plaintiff has alleged that he was a resident of Long Island at the time of any complained of conduct, and remains a Long Island resident. (*See* Complaint, ¶5). NYIT's School of Health Professions, where Plaintiff attended classes, is located in Old Westbury, New York.[4] Plaintiff performed his clinical rotation in Lake Success, New York. (Complaint, ¶42). Accordingly, to the extent Plaintiff was impacted by any challenged NYIT conduct, the impact was necessarily felt on Long Island—the location of all of Plaintiff's interactions with NYIT, as well as all of Plaintiff's classes and his clinical rotation—outside the boundaries of New York City.

---

[4]   Although not specifically pleaded in the Complaint, the Court may take judicial notice of the geographic location of NYIT's Old Westbury campus. *United States v. Hernandez-Fundoru*, 58 F.3d 802, 811 (2d Cir.1995).

As no challenged conduct is covered by the protections of the NYCHRL, Plaintiff's disability, gender and national origin discrimination and retaliation claims under the NYCHRL should be dismissed.

To the extent the Court does not dismiss Plaintiff's NYCHRL discrimination and retaliation claims because no challenged conduct is covered under the NYCHRL, the Court should still dismiss these claims for the reasons set forth in Point II.A-C *supra*. Even under the lesser "motivating" standard used in analyzing NYCHRL claims, Plaintiff fails to allege plausible claims of disability, gender and national origin discrimination or retaliation under the NYCHRL.

E.   **Plaintiff's Discrimination and Retaliation Claims Under the Nassau HRL Should Be Dismissed as the Statute Does Not Provide For a Private Right of Action**

To the extent Plaintiff alleges in the Complaint any claims under the Nassau HRL, there is no private right of action under that statute. *Kohutka v. Town of Hempstead*, 994 F.Supp. 2d 305, 331 (E.D.N.Y. 2014); *accord Benedith v. Malverne Union Free Sch. Dist.*, 38 F.Supp. 3d 286, 311 (E.D.N.Y. 2014). As a result, Plaintiff's disability, gender and national origin discrimination and retaliation claims under the Nassau HRL should be dismissed.

III.   **PLAINTIFF'S CLAIMS OF BREACH OF CONTRACT, UNJUST ENRICHMENT AND QUANTUM MERUIT SHOULD ALSO BE DISMISSED**

A.   **The Appropriate Vehicle For a Challenge to Plaintiff's Dismissal From NYIT is an Article 78 Proceeding**

Plaintiff's claims of breach of contract, unjust enrichment and quantum meruit should also be dismissed as Plaintiff's remedy to challenge any of NYIT's decisions concerning his participation in and dismissal from the Program was to timely commence a special proceeding pursuant to Article 78 of the C.P.L.R. Plaintiff failed to timely bring any such challenge within the applicable four-month statute of limitations. As a result, Plaintiff's claims for breach of contract, unjust enrichment and quantum meruit should be dismissed as they are time-barred.

Pursuant to New York law, a student's claims concerning the propriety of his or her dismissal from a university, even if the claims are couched in terms of breach of contract, must be commenced as a proceeding under Article 78 of the CPLR. "It is undisputed that the actions of a private university against a student are subject to Article 78 review and that the courts will intervene if the disciplinary dismissal of a student is arbitrary." *Attallah v. New York Coll. of Osteopathic Med.*, 94 F.Supp. 3d 448, 455 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 7 (2d Cir. 2016). Courts in this Circuit have routinely rejected attempts to "plead around" the requirement that a student bring any challenge to any academic and administrative determination by a university pursuant to Article 78. *See Attallah*, *supra*, 94 F.Supp. at 457 (*collecting authority*); *Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.*, No. 04-cv-704 (RPP), 2005 WL 1214281, at *10 (S.D.N.Y. May 20, 2005) ("review of academic and administrative decisions at private educational institutions has been limited to Article 78 proceedings [which include:] grading disputes, ***dismissals***, ***expulsions***, suspensions, and decisions regarding whether a student has fulfilled the requirements of graduation." (*emphasis added*); *Cohn v. New Paltz Sch. Dist.*, 363 F.Supp. 2d 421 (N.D.N.Y. 2005) (holding that student who attempted to assert a due process claim in connection with his suspension failed to state a claim as his remedy was an Article 78 proceeding).

New York courts have reached the same conclusion. *See Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (N.Y. 1999) (to the extent plaintiff challenged a university's "administrative procedures," which he argued "formed the basis for implying an agreement between them," which was "breached by [the university's failure to[ follow its own procedures," a CPLR Article 78 proceeding is the route for judicial review of such matters, not a plenary action); *see also Gary v. New York Univ.*, 48 A.D.3d 235, 236 (1st Dep't 2008) ("[i]n challenging the termination of her matriculation, along with allegations based on contract [...], the *pro se* plaintiff should have brought a proceeding under CPLR Article 78"); *Kickertz v. New York Univ.*, 110 A.D. 3d 268, 277 (1st Dep't 2008) (dismissing student's breach of contract claim to

the extent it challenged the university's decision to expel her, holding that Article 78 challenge was the student's exclusive remedy); *Padiyar v. Albert Einstein Coll. of Med. of Yeshiva Univ.*, 73 A.D.3d 634, 635 (1st Dep't 2010) ("[t]he instant plenary complaint, while couched in terms of unlawful discrimination and breach of contract, is in fact a challenge to a university's academic and administrative decisions and thus is barred by the four-month statute of limitations for a CPLR Article 78 proceeding, the appropriate vehicle for such a challenge"); *Keles v. Trustees of Columbia Univ. in City of New York*, 903 N.Y.S.2d 18, 18 (1st Dep't 2010) (affirming dismissal of student's complaint arising out of his dismissal holding that "although plaintiff styled his claims as based on contract and tort, […] [i]n essence, plaintiff challenges Columbia's academic and administrative standards and decisions […]and a review of plaintiff's challenge was "restricted to special proceedings under CPLR Article 78.").

Here, Plaintiff concedes that his expulsion took effect no later than December 6, 2018. (Complaint, ¶55). Plaintiff, nine months later, brings claims of breach of contract, unjust enrichment and quantum meruit, all relating to NYIT's academic and administrative decisions concerning his participation in and termination from the Program. As a result, there can be no dispute that Plaintiff's remedy to challenge any denial of an appeal of a grade, his suspension and/or his dismissal was to commence an Article 78 proceeding within four months of his notice of NYIT's determination. *See* N.Y. C.P.L.R. § 217. Having failed to timely file an Article 78 proceeding, these claims, even if styled as breach of contract, unjust enrichment and quantum meruit claims, must be dismissed as time-barred.

B.   **Assuming *Arguendo* That Plaintiff's Claims Are Not Time-Barred Under Article 78, They Should Still Be Dismissed**

1.   ***Plaintiff Has Failed to Plead the Breach of an Implied Agreement Between Himself and NYIT Sufficient to State a Plausible Claim for Breach of Contract***

In the event that the Court does not dismiss Plaintiff's breach of contract claim as being time-barred, this claim should still be dismissed on the merits. New York courts permit a breach of contract claim by a student against a university only in one narrow context. "[A]n implied contract is

formed when a university accepts a student for enrollment: if the student complies with the terms prescribed by the university and completes the required courses, the university must award him a degree. *Prasad v. Cornell Univ.*, No. 5:15-cv-322, 2016 WL 3212079, at *19 (N.D.N.Y. Feb. 24, 2016), *citing Papelino v. Albany College of Pharm. of Union Univ.*, 633 F.3d 81, 93 (2d Cir. 2011). The terms of the "implied contract" are those "contained in the university's bulletins, circulars and regulations made available to the student." *Id.*

Within this limited context, "[t]o state a valid claim for [such a] breach of [implied] contract, a plaintiff must state when and how the defendant breached the specific contractual promise.'" *Habitzreuther v. Cornell Univ.*, No. 5:14-cv-1229 (GLS)(TWD), 2015 WL 5023719, at *4 (N.D.N.Y. Aug. 25, 2015), *quoting Radin*, *supra*, 2005 WL 1214281, at *10. "To survive a motion to dismiss […] the complaint must allege facts which show: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *Habitzreuther*, 2015 WL 5023719, at *4, *quoting Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). Put simply, a student "must identify 'specifically designated and discrete promises' […] and '[g]eneral policy statements' and 'broad and unspecified procedures and guidelines' will not suffice." *Nungesser v. Columbia Univ.*, 169 F.Supp. 3d 353, 370 (S.D.N.Y. 2016), *quoting Ward v. N.Y. Univ.*, No. 99-cv-8733 (RCC), 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000). A student cannot state a claim that his university violated "general policy statements" or "broad and unspecified procedures and guidelines," which do not constitute promises as a matter of law. *Ward v. New York Univ.*, No. 99-cv-8733 (RCC), 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000); *see also Gally v. Columbia Univ.*, 22 F.Supp. 2d 199, 206 (S.D.N.Y. 1998).

Under these standards, Plaintiff's breach of contract claim fails. The only allegation in the Complaint that makes a specific reference to NYIT policy is a wholly conclusory allegation that the

- 23 -

"Student Handbook detailed […] an express right to [appeal] [a student's] grade" (*see* Complaint, ¶36), and that NYIT summarily denied his request to appeal. This allegation is palpably insufficient as pleaded as there is no mention in the Complaint of what specific appeal rights, if any, are set forth in the Student Handbook, what procedure is to be followed in deciding an appeal, whether Plaintiff performed his obligations under this procedure, if any, or, indeed any Handbook language or its specific terms sufficient for this Court to evaluate a breach claim. In fact, Plaintiff concedes that NYIT permitted the appeal in question, as Plaintiff "attended a[n] […] ASC meeting to appeal his grade" on or about May 24, 2017 (Complaint, ¶36). Moreover, even had Plaintiff sufficiently identified a policy guaranteeing a process for appealing student grades that NYIT failed to follow in this case, Plaintiff has failed to show how, if at all, he was damaged from receiving a B+, rather than an A, in a class. (*See* Complaint, ¶18).

All other challenged conduct in the Complaint refers not to the breach of any specific NYIT policy, but rather, Plaintiff's disagreement with NYIT's review of evidence and ultimate academic and administrative decision to dismiss him from the Program. (*See* Complaint, ¶¶46-49). Such allegations are patently insufficient to state a breach of contract claim by a student against a university. *Okoh v. Sullivan*, No. 10-cv-2457, 2011 WL 672420, at *4 (S.D.N.Y. Feb. 24, 2011), *aff'd*, 441 F.App'x 813 (2d Cir. 2011), *quoting Gally v. Columbia Univ.*, 22 F.Supp.2d 199, 206-207 (S.D.N.Y. 1998) ("the mere allegation of mistreatment without the identification of a specific breached promise or obligation does not state a claim on which relief can be granted"). In the absence of the identification of any relevant NYIT policy, and any non-conclusory allegation of how NYIT violated this policy, any claim for breach of contract due to his dismissal from NYIT is fatally defective and must be dismissed.

### 2. *Plaintiff's Unjust Enrichment and Quantum Meruit Causes of Action Are Indistinguishable at Law and Insufficiently Pleaded*

Plaintiff's claims of unjust enrichment and quantum meruit also fail to state cognizable claims. Under New York law, quantum meruit and unjust enrichment claims are analyzed together as a single

quasi-contract claim. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (explaining that quantum meruit and unjust enrichment are not separate causes of action, and that "unjust enrichment is a required element for an implied-in-law, or quasi-contract, and quantum meruit, meaning 'as much as he deserves,' is one measure of liability for the breach of such a contract"). To prevail on a such a quasi-contract claim, Plaintiff must establish that: "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendant[ ] to make restitution." *Hughes v. Ester C Co.*, 930 F.Supp.2d 439, 471 (E.D.N.Y. 2013).

Here, there can be no dispute that Plaintiff derived a benefit from the tuition that he paid to NYIT: he received an education from 2016 through 2018. While Plaintiff did not graduate from the Program, he still received the education that he paid for during those years. Even if Plaintiff seeks to "discount" the education he received, as he failed to earn a degree from the Program, this is simply an insufficient circumstance to establish, under principles of "equity and good conscience," that NYIT has been unjustly enriched by, or should not be permitted to keep, Plaintiff's tuition.

## **CONCLUSION**

For the reasons set forth above, NYIT respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice, and award NYIT such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         November 13, 2019

Respectfully Submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant NYIT*

By:_____
         Douglas P. Catalano
         Stefanie R. Toren
         Stephen P. Pischl

- 25 -