UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ELIJAH SCHIMKEWITSCH,

                         **Plaintiff,**

              -against-                            19-cv-5199 (SJF) (AYS)


NEW YORK INSTITUTE OF TECHNOLOGY,

                         **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x




### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS




**GILBERT LAW GROUP**
**425 Broadhollow Road, Suite 405**
**Melville, New York 11747-4701**
**Tel: 631-630-0100**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ……………………………………………………….…….…..   **1**

I.  PLAINTIFF PLAUSIBLY ALLEGES THAT DEFENDANT SUBJECTED
    SCHIMKEWITSCH TO UNLAWFUL DISCRIMINATION ……………………...   **1**

    A.  PLAINTIFF PLEADED TIMELY ALLEGATIONS OF
        DEFENDANT'S UNLAWFUL DISCRIMINATORY CONDUCT……..…..   **3**

    B.  PLAINTIFF PLAUSIBLY ALLEGES THAT DEFENDANT
        REGARDED HIM AS DISABLED AND, AS A RESULT,
        UNLAWFULLY SUBJECTED HIM TO HARASSMENT,
        DISCRIMINATION, AND EXPULSION……………………………..…………   **5**

    C.  PLAINTIFF PLAUSIBLY ALLEGES THAT
        NYIT VIOLATED THE ADA AND NYHRL BY ITS FAILURE
        TO ENGAGE IN AN INTERACTIVE DIALOGUE
        AND/OR REASONABLY ACCOMMODATE PLAINTIFF ……………...   **7**

    D.  PLAINTIFF ADEQUATELY PLEADED
        THE REQUISITE ELEMENTS TO ESTABLISH A
        PLAUSIBLE CLAIM FOR  DISABILITY DISCRIMINATION……………   **9**

II.  SCHIMKEWITSCH'S CLAIMS OF BREACH OF CONTRACT,
     UNJUST ENRICHMENT, AND QUANTUM MERUIT
     ARE APPROPRIATELY PLEADED AND SHOULD NOT BE DISMISSED………   **14**

    A.  PLAINTIFF PROPERLY PLEADED A CLAIM FOR
        BREACH OF CONTRACT AS DEFENDANT FAILED TO
        COMPLY WITH ITS CONTRACTUAL OBLIGATIONS……………....…   **14**

    B.  AS SCHIMKEWITSCH'S VERIFIED COMPLAINT ASSERTS CLAIMS
        OF SYSTEMIC DISCRIMINATION, THIS COURT HAS JURISDICTION
        TO HEAR CLAIMS CHALLENGING HIS DISMISSAL ……………….....   **17**

III.  PLAINTIFF PLAUSIBLY ALLEGES CLAIMS FOR
      VIOLATION OF  NEW YORK'S HUMAN RIGHTS LAW …………….……….   **19**

    A.  PLAINTIFF PLAUSIBLY ALLEGES
        A CLAIM OF DISABILITY DISCRIMINATION ……………………………   **19**

    B.  PLAINTIFF PLAUSIBLY ALLEGES A CLAIM OF
        GENDER DISCRIMINATION BASED ON DISPARATE TREATMENT ....   **20**

    C.  PLAINTIFF PLAUSIBLY ALLEGES A CLAIM OF
        GENDER DISCRIMINATION BASED ON DISPARATE IMPACT………...   **21**

**D.**    **AT THE PLEADINGS STAGE, PLAINTIFF SCHIMKEWITSCH MET HIS MINIMAL BURDEN OF ALLEGING FACTS RAISING AN INFERENCE OF DISCRIMINATORY ANIMUS BASED ON HIS NATIONAL ORIGIN AND/OR ETHNICITY**...................  **22**

**E.**    **SCHIMKEWITSCH PLAUSIBLY ALLEGES UNLAWFUL RETALIATION**  **23**

**IV.**  **SCHIMKEWITSCH PLAUSIBLY ALLEGED DISCRIMINATION AND RETALIATION PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW**......  **24**

**CONCLUSION**.....................................................................................................  **25**

ii

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Alexiadis v. NY College of Health Professions,*
891 F. Supp. 2d 418 (E.D.N.Y. 2012) …………………………………………..      7

*Alleyne v. NAACP Legal Defense and Educational Fund, Inc.,*
No. 14-CV-6675 (MKB) (E.D.N.Y. 2015)…………………………………………...      7

*Andre v. Pace Univ.,* 170 Misc.2d 893 (N.Y. Sup. 1996)…………………………………      16, 17

*Ansari v. New York Univ.,*
No. 96 Civ. 5280 (MBM), 1997 WL 257473, at *3 (S.D.N.Y. May 16, 1997)……………      15

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)……………………………………………      2, 10

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007)…………………………………      1, 4, 5, 12,
                                                                             13, 21

*Boykin v. Key-Corp.,* 521 F.3d 202 (2d Cir. 2008)……………………………………...........      10, 22

*Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127 (2d Cir. 2008)………………………………      8, 9, 19

*Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006)………………………      23

*Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008)…………………………………      3, 10

*Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 217 (2d Cir. 2001)………………………………...      23, 24

*Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006)…………………………..      1, 4

*Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-153 (2d Cir. 2002)…………………..      1

*Doe v. Skidmore College,* 152 A.D.3d 932 (3d Dept. 2017)………………………………      2, 3, 5, 8, 9,
                                                                             10, 12, 13,
                                                                             19, 20

*Eidlisz v. New York Univ.,* 61 A.D.3d 473 (1st Dept. 2009)…………………………………..      15

*Fasciana v. County of Suffolk,* 996 F. Supp. 2d 174 (E.D.N.Y. 2014)……………………..      18

*Felix v. New York City Transit Authority,* 154 F.Supp.2d 640 (S.D.N.Y.2001)…………...      8, 9, 19, 20

*Gillman v. Inner City Broadcasting Corp.,* 2009 WL 3003244 at *3……………………..      10

*Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 110 (2d Cir. 2010)……………………      23, 24

**Cases**                                                                                          **Page**

*Hilton v. Wright*, 673 F.3d 120, 129 (2d Cir. 2012)……………………………………….. 7

*Hoffman v. Parade Publs.*, 15 N.Y.3d 285 (2010)…………………………………………… 25

*Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000)………………….. 8, 9, 20

*Jenkins v. New York City Transit Authority*, 646 F. Supp. 2d 464 (S.D.N.Y. 2009)……… 21, 22

*Jordan v. Forfeiture Support Associates*, 928 F. Supp. 2d 588 (E.D.N.Y. 2013)………… 7

*Joseph v. N. Shore Univ. Hosp.*,
No. 08-CV-3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011)…………………… 22

*Keefe v. New York Law Sch.*, 71 A.D. 3d 569 (1st Dept. 2010)…………………………… 15

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)…………………………... 1

*Krikelis v. Vassar Coll.*, 581 F. Supp. 2d 476, 486 (S.D.N.Y. 2008)……………………... 20

*Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d Cir. 2013)………………………….. 9, 10

*Lawton v. Success Academy Charter Schools, Inc.*,
323 F. Supp. 3d 353 (E.D.N.Y. 2018)……………………………………………………... 2, 4, 7

*Leibowitz v. Cornell Univ.*,
445 F.3d 586, 591 (2d Cir. 2006)…………………………………………….. 2, 3, 10, 12, 20, 21, 23

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)………………………… 11, 12, 14, 22, 23

*Mateo v. The County of Suffolk*,
Case No. 12-CV-6160 (DRH)(GRB) (E.D.N.Y. Oct. 23, 2014)………………………….. 18, 19

*Matter of Doe v. Bell*, 194 Misc. 2d 774 (N.Y. Sup. 2003)……………………………….. 20

*McBride v. BIC Consumer Prods. Mfg. Co.*, Inc., 583 F.3d 92, 101 (2d Cir. 2009)……… 8

*Natofsky v. City of New York*, 921 F.3d 33 (2d Cir. 2019)………………………………… 10, 13

*Novick v. Vill. Of Wappingers Falls, New York*,
376 F.Supp. 3d 318, 342 (S.D.N.Y. 2019)………………………………………………… 12

*Novio v. The New York Academy of Art*,
No. 17 Civ. 5648 (RWS) (S.D.N.Y. July 18, 2018)……………………………………….. 15, 16, 17

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998)…………………... 1

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000)…………………... 14

**Case**                                                          **Page**

*Pothen v. Stony Brook University,*
211 F.Supp.3d 486 (E.D.N.Y. 2016) …………………………………… 1, 4, 8, 10, 12, 20, 21, 23

*Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25-26 (2d Cir. 2011)………………………….. 14

*Ray v. Weit*, No. 16-1106 (2d Cir. Sep. 8, 2017)…………………………………………. 4, 5, 13, 21

*Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 155 (2d Cir. 1998)……….. 20

*Reyes v. County of Suffolk*, 995 F. Supp. 2d 215, 228 (E.D.N.Y. 2014)………………….. 18, 19

*Rohn Padmore, Inc. v. LC Play Inc.*, 679 F Supp 2d 454, 465 (S.D.N.Y. 2010)…………. 24

*Sch. v. Adler*, 124 Misc.2d 817 (N.Y. Civ. Ct. 1984)……………………………………... 16, 17

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)…………………………………………... 1

*Shah v. Wilco Sys., Inc.*, 27 A.D.3d 169, 176 (1st Dept. 2005)……………………………. 25

*State Div. of Human Rights v. Xerox Corp.*, 65 N.Y.2d 213 (1985)………………………. 20

*State Farm Mutual Automobile Insurance Company v. Cohan,*
No. 12-CV-1956 (JS) (GRB) (E.D.N.Y. 2013)…………………………………………. 1

*Stern v. State Univ. of New York,*
No. 16-CV-5588 (NGG) (LB) (E.D.N.Y. Sept. 30, 2018)…………………………………… 13, 14

*Sweeney v. Columbia Univ.*, 270 A.D.2d 335, 336 (2d Dept. 2000)………………………. 15

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, (2002)………………………… 10, 12, 20, 21, 22, 23

*United States v. Brennan*, 650 F.3d 65, 134 (2d Cir. 2011)……………………………….. 22

*Vega v. Hempstead Union Free Sch. Dist.,*
801 F.3d 72, 84 (2d Cir. 2015) ………………………………………… 2, 3, 10, 12, 20, 21, 23, 24

*Weixel v. Bd. of Ed. of City of New York*, 287 F. 3d 138, 148 (2d Cir. 2002)…………….. 5

### Statutes and Regulations

29 C.F.R. § 1630.2(o)(3) …………………………………………………… 8

29 U.S.C. § 701 *et seq* ……………………………………………………... 2, 3, 5

42 U.S.C. § 12102(1)(A) ………………………………………………… 4

42 U.S.C. § 12102(2)(A) ………………………………………………… 4

42 U.S.C. § 12102(3)(B) ………………………………………………… 7

42 U.S.C. § 12182(a) …………………………………………………… 3, 10

45 C.F.R. § 84.3(j)(2)(ii) ………………………………………………… 4

C.P.L.R. § 7803 ………………………………………………………….. 15 - 19

Fed. R. Civ. P. § 8(a)(2) ………………………………………………… 10, 21

Fed. R. Civ. P. § 8(d)(3) ………………………………………………….. 14

Fed. R. Civ. P. § 12(b)(6) …………………………………………………. 1, 2, 10, 24

H.R. Rep. No 110-730 …………………………………………………… 6, 7

N.Y.C. Admin. Code § 8-101 *et seq.* …………………………………………. 24, 25

N.Y. Exec. Law § 290 *et seq.* …………………………………………….. 9, 20

N.Y. Exec. Law § 292(21) …………………………………………………... 20

Pub. Law 110-325 …………………………………………………….. 6, 7

## INTRODUCTION

Defendant's FRCP 12(b)(6) motion should be denied as it is fundamentally flawed on both the facts and the law. The facts asserted in the Complaint must be construed as true. *See*, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Preliminarily, it is critical to note that defendant's motion is replete with disputed factual assertions that are in the nature of a rebuttal to Schimkewitsch's claims, and are wholly impermissible for consideration in a 12(b)(6) pre-joinder motion. *State Farm Mutual Automobile Insurance Company v. Cohan*, No. 12-CV-1956 (JS) (GRB) (E.D.N.Y. 2013); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). *See, Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Contrary to defendant's claim, factual plausibility exists regarding all counts. To dismiss or ignore alleged specificity by claiming that there are insufficient facts pleaded is nothing more than an attempt to buttress an otherwise insupportable 12(b)(6) motion. *Id*.

Aside from accepting all the factual allegations set forth in the Complaint as true, this Court must also draw all reasonable inferences in favor of the plaintiff. *See, Pothen v. Stony Brook University*, 211 F.Supp.3d 486 (E.D.N.Y. 2016); *Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006). A claim "may be supported by showing *any* set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, may not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

## I.   PLAINTIFF PLAUSIBLY ALLEGES THAT DEFENDANT SUBJECTED SCHIMKEWITSCH TO UNLAWFUL DISCRIMINATION

A close review of Schimkewitsch's pleading and defendant's motion illustrates that defendant manipulates the facts and law in its favor. Defendant repeatedly offers superficial and

1

misleading bases for dismissal while ignoring the fact that plaintiff pleaded specific factual allegations which, if true, would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Irrespective of which Americans With Disabilities Act ("ADA") and Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., ("Rehab Act") (collectively, "the Acts") framework is applied, the claims are sufficiently and plausibly pleaded. *See,* FRCP 12(b)(6); *Doe v. Skidmore College,* 152 A.D.3d 932 (3d Dept. 2017); Index. No.: 1:17-CV-1269 (N.D.N.Y. August 20, 2018); *Lawton v. Success Academy Charter Schools, Inc.,* 323 F. Supp. 3d 353 (E.D.N.Y. 2018); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *Leibowitz v. Cornell Univ*., 445 F.3d 586, 591 (2d Cir. 2006).

Significantly, Schimkewitsch's Complaint alleges violations of Title III of the ADA and Rehab Act based on two distinct legal frameworks. Schimkewitsch concurrently alleges that defendant unlawfully denied benefits due to Schimkewitsch based on an actual or perceived disability, and that defendant failed to engage in an interactive process and/or provide a reasonable accommodation. Comp. ¶¶ 62, 67-72.

Both of the aforementioned legal theories constitute independent bases for relief. *See*, *Skidmore College, supra* (holding that a denial of a plaintiff's "full and equal opportunity to enjoy the services defendants provide…can occur when qualified disabled individuals are denied 'reasonable accommodations' that permit them to have access to and take a meaningful part in... public accommodations." Moreover, at the pleading stage, "the interactive process requirement does apply in the educational context and that it could therefore provide plaintiff with an independent basis for relief against defendant"). *Id.*, *see also, Lawton, supra* at 367 (holding, plaintiffs sufficiently pleaded allegations of violation of Title III of the ADA based on discrimination due to actual or perceived disabilities).

2

For all of the following reasons, accepting the factual allegations set forth in the Complaint as true, and drawing all reasonable inferences in favor of the plaintiff, it is undeniable that plaintiff has plausibly alleged violations of the ADA and the Rehab Act. *Skidmore College, supra; Lawton, supra; Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006).

## A.   PLAINTIFF SUFFICIENTLY ALLEGES THAT HE IS A QUALIFIED INDIVIDUAL WITH A DISABILITY UNDER THE ADA AND REHAB ACT

"To state a claim under Title III, [a plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (citing 42 U.S.C. § 12182(a)); *Skidmore College, supra.*

Schimkewitsch plausibly alleged that he is a qualified individual with a covered disability that substantially limited a major life activity. *Lawton, supra*. Defendant ignores the detailed itemized factual allegations specified in the Complaint. Indeed, plaintiff alleges that, while meeting with the Academic Standing Committee ("ASC"), which NYIT delegated with the authority to discipline (and expel) students, and review grade disputes, one of his professors, Dr. David Jackson ("Jackson"), a member of that Committee, told Schimkewitsch that he "should get psychiatric counseling or executive coaching." *See*, Comp., ¶ 36.

Additionally, plaintiff alleges that the ASC later directed that he be evaluated by a school-appointed psychiatrist who diagnosed him with anxiety disorder. Comp. ¶ 50. Defendant contends that, because the psychiatrist's evaluation stated that plaintiff was fit to return to class, Schimkewitsch's ability to learn was not impaired by his anxiety. Yet the reason defendant directed Schimkewitsch to its psychiatrist is because his anxiety had impaired his performance in

class and/or Hospital work rotations. Comp. ¶¶ 36, 49-50. Defendant now alleges otherwise in order to cite inapplicable cases, and does so without any basis in the Complaint, which is patently impermissible. *Pothen, supra; Cleveland, Bell Atlantic Corp, supra*. In contrast, plaintiff alleges that his anxiety disorder directly caused purported learning and/or work performance issues. Comp. ¶¶ 36, 49-50. As such, plaintiff sufficiently alleged that his disability impaired his ability to learn and/or work. *Id*.

It is well-settled that the definition of disability "shall be construed in favor of broad coverage of individuals ... to the maximum extent permitted by the terms of [the ADA]." *Lawton* at 364; *see also,* 42 U.S.C. § 12102(1)(A). Significantly, in 2018, this Court in *Lawton* recognized the fact that Schimkewitsch's disability, anxiety disorder, impairs one's ability to learn and that learning is an important life function under the Acts. *Lawton, supra* at 364; 42 U.S.C. § 12102(2)(A)*;* 45 C.F.R. § 84.3(j)(2)(ii).

The Complaint also alleges that Schimkewitsch was working a 27-hour shift as part of his clinical rotation at Long Island Jewish Medical Center. Schimkewitsch was sent home when he took a sleeping break during his work. Comp. ¶¶ 43-46. The pressures of working 27 hours straight, coupled with his anxiety disorder, substantially impacted his work. The courts and applicable Regulations have defined work as a major life activity. 45 C.F.R. § 84.3(j)(2)(ii).

Moreover, the Second Circuit has held that, at the pleadings stage, a plaintiff need not "specifically allege how" his disability impaired a major life activity. It is sufficient for a plaintiff to "raise a plausible claim as to whether" his disability impacted a major life activity. "The details of exactly how, and to what extent," plaintiff's disability affected [his] ability to arrive on time may await discovery." *Ray v. Weit*, No. 16-1106 (2d Cir. Sep. 8, 2017); *see, Bell Atlantic Corp., supra* at 556 ("to survive a motion to dismiss, a complaint must merely provide enough facts to raise a reasonable expectation that discovery will reveal the evidence needed to

4

support the claim"). Indeed, the Second Circuit has held that it is sufficient for a plaintiff's complaint to merely **suggest** that his disability debilitated his ability to work and perform the tasks of being a student, to sufficiently allege that he was "disabled" within the meaning of the ADA. *Weixel v. Bd. of Ed. of City of New York*, 287 F. 3d 138, 148 (2d Cir. 2002).

Here, the fact that plaintiff did not allege exactly how his anxiety disorder impaired his ability to learn or to work is of no consequence. *Id*. Schimkewitsch is entitled to utilize discovery in order to further identify and expand on the ways in which his disability impaired a major life activity. *Id.*; *Ray, supra; Bell Atlantic Corp., supra; Lawton, supra; Skidmore, supra*. Defendant relies on hyper-technicalities and semantics which, if validated, would have a preclusive and chilling effect on individuals' ability to bring otherwise meritorious claims for unlawful violations of the ADA and Rehab Act particularly where, as here, a student who also works has been diagnosed with anxiety disorder, which case law establishes substantially impairs these major life activities. *Weixel* at 148.

### B. PLAINTIFF PLAUSIBLY ALLEGES THAT DEFENDANT REGARDED HIM AS DISABLED AND, AS A RESULT, UNLAWFULLY SUBJECTED HIM TO HARASSMENT, DISCRIMINATION, AND EXPULSION

Defendant acknowledges two detailed factual allegations which, if assumed as true, unequivocally establishes that agents of defendant regarded plaintiff as disabled. *Id*. Defendant cites plaintiff's allegation that Dr. Jackson stated that plaintiff "should get psychiatric counseling or executive coaching." Comp. ¶ 36. Dr. Jackson's comment could only be interpreted to mean that he perceived Schimkewitsch as exhibiting mental deficiencies necessitating professional intervention. As such, Dr. Jackson regarded Schimkewitsch as being mentally disabled.[1]

Even assuming *arguendo* that Dr. Jackson's comment alone is insufficient to establish that defendant regarded plaintiff as being disabled, defendant's ASC subsequently required that

---

[1] As alleged, Dr. Jackson was a member of the Academic Standing Committee (ASC) which adversely acted to suspend and expel Schimkewitsch. Comp. ¶¶ 36, 49, 55.

plaintiff be evaluated by an NYIT psychiatrist. Comp ¶¶ 40-53. That psychiatrist diagnosed plaintiff as suffering from anxiety disorder and advised the ASC of that. *Id*. These alleged facts unequivocally establish that defendant regarded plaintiff as being disabled. Defendant's conclusory statement that plaintiff's disability was "transitory and minor" is an unsubstantiated issue of fact that goes beyond the four corners of the Complaint. Again, there is nothing in the Complaint to suggest that defendant's psychiatrist determined or opined that Schimkewitsch's disability was "transitory and minor." Nor does his recommendation clearing plaintiff to return to class somehow means that plaintiff's ability to learn or work at the hospital was unaffected by his anxiety. To the contrary, the Complaint details how these major life activities were substantially limited due to Schimkewitsch's anxiety disorder. Comp. ¶¶ 36, 43-46, 49-50.

Moreover, both Congress and the Courts have made clear that Dr. Jackson's comment, when coupled with NYIT's psychiatrist's diagnosis incontrovertibly establish that defendant regarded plaintiff as disabled. Comp. ¶¶ 33-62. In 2008, Congress passed the ADA Amendments Act ("ADAAA"). Pub. Law 110-325 (2008), which states, in pertinent part:

> An individual meets the requirements of "being regarded as having such an impairment" ... ***whether or not the impairment limits or is perceived to limit a major life activity***."

*Id.; emph. added.*

The Committee Report for the new section confirmed the intent of the new language:

> [The Supreme Court's] restrictive rulings [including *Sutton*] conflict with the Court's earlier recognition ... that the negative reactions of others are just as disabling as the actual impact of an impairment, a conclusion endorsed by Congress when it adopted the "regarded as" prong.
> The Committee therefore restores Congress's original intent by making clear that an individual meets the requirement of "being regarded as having such an impairment" if the individual shows that ***an action (e.g. disqualification from a job, program, or service) was taken because of an actual or perceived impairment, whether or not that impairment actually limits or is believed to limit a major life activity.***

H.R. Rep. No. 110-730, pt. 1, at 14 (2008) (emphasis added).

The Second Circuit has subsequently enforced the ADAAA by holding that a plaintiff "was not required to present evidence of how or to what degree [the defendants] believe the impairment affected him." *Hilton v. Wright*, 673 F.3d 120, 129 (2d Cir. 2012). Instead, the plaintiff "was only required to raise a genuine issue of material fact about whether [defendants] regarded him as" being disabled. *Id*. In *Lawton*, this Court held that the standard applied in *Hilton* is applicable at the pleading stage. "The only difference is that plaintiffs are only required to allege, rather than prove, that defendants regarded them as disabled." *Lawton, supra* at 365.

The Court in *Lawton* also unequivocally rejected NYIT's assertion that plaintiff is required to plead precisely what important life function is impaired by his disability. It held that, ***although the plaintiffs were not required to do so,*** the plaintiffs' allegation that his disabilities "interfered with [their] ability to comply with [the school's] disciplinary code," was sufficient to plausibly allege that their disabilities impaired a major life activity – learning. *Id*.; *emphasis added.* As such, it is well-settled that Schimkewitsch plausibly pleaded that he was regarded as being disabled by defendant. Pub. Law 110-325 (2008); H.R. Rep. No. 110-730, pt. 1, at 14 (2008); *Hilton, supra; Lawton, supra.*

Further, this Court has repeatedly held that a disability is transitory and minor when it has "an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B); *Alexiadis v. NY College of Health Professions*, 891 F. Supp. 2d 418 (E.D.N.Y. 2012); *Jordan v. Forfeiture Support Associates*, 928 F. Supp. 2d 588 (E.D.N.Y. 2013); *Alleyne v. NAACP Legal Defense and Educational Fund, Inc*., No. 14-CV-6675 (MKB) (E.D.N.Y. 2015). Therefore, whether Schimkewitsch's disability is "transitory and minor" is a question of fact that cannot be determined without discovery. *Id*.

## C.  PLAINTIFF PLAUSIBLY ALLEGES THAT NYIT VIOLATED THE ADA AND NYHRL BY ITS FAILURE TO ENGAGE IN AN INTERACTIVE DIALOGUE AND/OR REASONABLY ACCOMMODATE PLAINTIFF

Plaintiff plausibly alleges that defendant failed to engage in an interactive process and/or reasonably accommodate him in violation of the ADA and NYHRL. Comp. ¶¶ 62, 70-71; *see, Skidmore College, supra; Pothen, supra; Twombly, supra.*

The ADA requires an "interactive process" between the parties in order to assess whether an individual's disability can be reasonably accommodated. *Jackan, supra* at 566. Indeed, the Second Circuit has held that "an employer, by failing to engage in a sufficient interactive process, risks not discovering a means by which an employee's disability could have been accommodated and thereby increases the chance that it will be found to have violated the ADA." *McBride v. BIC Consumer Prods. Mfg. Co.*, Inc., 583 F.3d 92, 101 (2d Cir. 2009).

Significantly, the Court in *Skidmore College*, while acknowledging that fact, in denying the defendant's 12(c) motion to dismiss, held that the interactive process obligation applies in an educational setting and that it could provide a plaintiff with an independent basis for relief. *Skidmore College, supra*.[2] It is uncontroverted that defendant failed to engage in an interactive process or dialogue. Comp. ¶ 62. Therefore, it would be inappropriate, at the pleading stage, to dismiss plaintiff's ADA claim . *Id.*

It is thus well-settled that once NYIT learned of Schimkewitsch's anxiety disorder disability, it was legally obligated to engage in an interactive dialogue to determine what, if any, reasonable accommodation would ensure that plaintiff could receive the benefits NYIT provides to similarly situated non-disabled students. *, 29 C.F.R. § 1630.2(o)(3); Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir. 2008); *Felix v. New York City Transit Authority*, 154 F.Supp.2d 640 (S.D.N.Y.2001); *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000). Here, Schimkewitsch alleges that once the NYIT-approved psychiatrist diagnosed plaintiff as suffering

---

[2] NYIT's Masters P.A. program required Schimkewitsch to work as would any P.A. employed at hospitals. As such, Schimkewitsch was effectively an employee, and ADA/Rehab cases applying to employees likewise apply to him. As the Complaint alleges, Schimkewitsch was sent home and disciplined when he took a sleep break during a 27-hour work shift at Long Island Jewish Medical Center. These actions were further discriminatory acts based on his disability. Comp. ¶¶ 42-44, 48-49.

from anxiety disorder, defendant violated the ADA by disciplining and expelling Schimkewitsch rather than properly engaging in an interactive process and accommodating his disabilities. Comp. ¶ 62; *Jackan, supra, Brady, supra; Felix, supra; Skidmore College, supra.[3]*

Rather, defendant seized on Schimkewitsch's disability in order to orchestrate a pretext on which to base Schimkewitsch's expulsion. Comp. ¶¶ 33-56. It is well-settled that, pursuant to the ADA, institutions of public accommodation must provide individuals with a reasonable accommodation to ensure that disabled individuals receive a full and equal opportunity to enjoy the services they provide. *Skidmore College, supra; Brady, supra, Jackan, supra; Felix supra*.

In fact, the Second Circuit in *Brady* held that, even where a plaintiff did not request an accommodation, an employer who regarded an employee as being disabled had an obligation to engage in an interactive process, and provide that disabled individual with a reasonable accommodation. *Brady, supra* at 135-6. Similarly, here, although Schimkewitsch did not request an accommodation, defendant regarded him as being disabled and required he receive a psychiatric evaluation, which confirmed NYIT's perception. Thereafter, NYIT knew plaintiff was disabled and had an obligation to engage in an interactive process and accommodate him to ensure plaintiff had an equal opportunity to enjoy the services defendant provides. *Id*. Instead, defendant continued its pattern and practice of subjecting plaintiff to acute discrimination and harassment which ultimately culminated in expelling plaintiff based on pretext. Comp. ¶¶ 33-56.

### D. PLAINTIFF ADEQUATELY PLEADED THE REQUISITE ELEMENTS TO ESTABLISH A PLAUSIBLE CLAIM FOR DISABILITY DISCRIMINATION

Defendant erroneously contends "…to state a plausible claim under the Acts Plaintiff ***must allege*** that discrimination based on a disability 'was a but-for' cause of the adverse action." *Emph. added*. In fact, the two cases it cites, *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d

---

[3] The New York Human Rights Law (NYHRL) has equivalent protections. Exec. L § 290 et seq.

Cir. 2013) and *Natofsky v. City of New York*, 921 F.3d 33 (2d Cir. 2019) are wholly inapplicable and inapposite. *Kwan, supra* at 837; *Natofsky*, *supra* at 338. Significantly, both of the cases were determined ***following*** discovery. Thus, the holdings were based on the record evidence, ***not the pleadings***. Just as plaintiffs Kwan and Natofsky had the ability to pursue their claims through discovery, Schimkewitsch is entitled to do the same. *Kwan, supra; Natofsky, supra.*

Under a Title III ADA claim, there is no obligation to allege an adverse action took place under circumstances giving rise to an inference of discrimination. 42 U.S.C. § 12182(a); *Skidmore, supra; Camarillo, supra* at 156. Assuming *arguendo* there is such a requirement, to withstand a pre-joinder motion to dismiss, a plaintiff in a discrimination case need not plead a prima facie case of discrimination. *Pothen, supra* at 493; *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, (2002)). In *Swierkiewicz*, the Supreme Court held that a plaintiff alleging discrimination need only satisfy FRCP 8, which requires "`a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz, supra* at 508 (*quoting* FRCP 8(a)(2)).

It is important to note that Supreme Court decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly* do not modify the "short and plain" standard for discrimination plaintiffs. *Twombly, supra* at 570; *Swierkiewicz, supra* at 508; *Boykin v. Key-Corp.*, 521 F.3d 202, 213 (2d Cir. 2008); *Gillman v. Inner City Broadcasting Corp.,* 2009 WL 3003244, at *3 (E.D.N.Y. 2009) ("*Iqbal* was not meant to displace *Swierkiewicz's* teachings"). Thus, to survive a Rule 12(b)(6) motion, plaintiff need not plead a prima facie case of discrimination. Schimkewitsch clearly gave fair notice of his claims, and they were facially plausible. *Gillman, supra* at *3. Thus, the established pleading standard is indisputably met in this case. *Id.*

Defendant opines that Dr. Jackson's comments that Schimkewitsch "should get psychiatrist counseling or executive coaching" (Comp. ¶ 36) "does not constitute a discriminatory and disparaging reference to his protected status." Memo., p. 11. It is facially clear that whether or not Dr. Jackson's comments were discriminatory is an issue of fact which cannot be determined without first engaging in discovery.

Schimkewitsch alleges, in fact, that Dr. Jackson's comments reveal his perception that Schimkewitsch was disabled. Comp. ¶ 36. Significantly, plaintiff did nothing to solicit or deserve the comment. Moreover, the comment was alleged to be part and parcel of a pattern and practice of acute discrimination and harassment which included pretextual allegations of unprofessionalism and which culminated in Schimkewitsch's expulsion. Comp. ¶¶ 34, 37, 55. Accordingly, plaintiff plausibly alleged that Dr. Jackson's comment constitutes "criticism of a plaintiff in degrading terms relating to his protected characteristic," and were part and parcel of a "sequence of events leading up to the challenged actions." *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015). Notably, the Second Circuit in *Littlejohn* held that such allegations give rise to an inference of discrimination. *Littlejohn, supra.*

In fact, defendant's claim that Jackson was the only individual who referred to Schimkewitsch's disability is patently inaccurate. The Complaint alleges that the ASC, of which Dr. Jackson was a member, suspended Schimkewitsch from the program, and would refuse to reinstate him unless he was evaluated and declared fit by defendant's psychiatrist. Comp. ¶¶ 33-55. As such, Jackson's admonition was not the only reference to Schimkewitsch's actual or perceived disability as defendant asserts. Rather, it was memorialized in the ASC's subsequent suspension and directive that Schimkewitsch be evaluated and certified fit, or be subject to a *de facto* permanent expulsion. *Id.* These actions as alleged undeniably raise an inference of

11

discrimination, and clearly meet the minimal pleading standard of plausibility. *Pothen, supra*; *Bell Atl. Corp, supra; Littlejohn, supra; Vega, supra*; *Leibowitz, supra; Swierkiewicz, supra.*

Defendant argues that, in order to raise an inference of discrimination, plaintiff is required to either allege direct evidence demonstrating discriminatory intent, or "show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self." *Novick v. Vill. Of Wappingers Falls, New York*, 376 F.Supp. 3d 318, 342 (S.D.N.Y. 2019). The plaintiff in *Novick*, however, was an employee police officer. He did not allege, as Schimkewitsch does, that the defendant was an institution of public accommodation that had deprived him of a service. As a result, *Novick*, is inapposite and inapplicable.

Defendant studiously ignores Schimkewitsch's Title III ADA claim. Under Title III, there is no requirement that plaintiff make allegations which give rise to an inference of discrimination. *Id*., *Skidmore College, supra.*

Moreover, defendant repeatedly and inappropriately relies on issues of disputed facts. For example, defendant's claim that Dr. Jackson's comment "does not constitute a discriminatory and disparaging reference to his protected status" represents an obvious issue of fact which cannot be determined except by discovery. Accordingly, dismissal is simply unwarranted. Again, to withstand a pre-joinder motion to dismiss, a plaintiff such as Schimkewitsch need not plead a prima facie case of discrimination. *Pothen, supra* at 493; *Vega, supra* at 84; *Leibowitz, supra* at 591. Nonetheless, notwithstanding defendant's misapplication of law, and pattern of drawing conclusions and raising issues of fact, Schimkewitsch easily plausibly asserted his claims. *Id;* Comp. ¶¶ 34, 37, 55.

Assuming *arguendo* that plaintiff had to either allege direct evidence of discriminatory intent, or plead disparate treatment (and case law establishes otherwise), plaintiff did both. Plaintiff alleges that Dr. Jackson's comments were made while summarily rejecting his appeal of

a grade. Comp. ¶ 36. Schimkewitsch did nothing to warrant the comment. Thus, the uncontested remark is plausibly stated evidence of discriminatory intent and disparate treatment.

Furthermore, as alleged and through discovery, Schimkewitsch will show that non-disabled students engaged in conduct far worse than any of his purported conduct, but were retained in the program. Comp. ¶¶ 24-5, 30. A denial of this opportunity would be premature, precipitous and unwarranted given the numerous specific allegations regarding disparate actions defendant took against plaintiff. It should be noted that defendant is in sole and exclusive custody and possession of student records. Those records can reveal that its actions against Schimkewitsch were indeed unlawfully discriminatory. *Id.*; *Ray, supra; Bell Atlantic Corp., supra; Lawton, supra; Skidmore, supra.*

Moreover, the comments are alleged to be part and parcel of a pattern and practice of acute discrimination and harassment which included pretextual allegations of unprofessionalism and which culminated in Schimkewitsch's expulsion. Comp. ¶¶ 34, 37, 55. Dr. Jackson's overtly discriminatory comments, NYIT's suspension, directive to be evaluated and the NYIT psychiatrist's diagnosis, all occurred within close temporal proximity to defendant's decision to expel Schimkewitsch. These acts constitute direct evidence of discriminatory intent. Thus, Schimkewitsch pleaded specific allegations which give rise to an inference of discrimination. *Id.*

Finally, defendant argues that Schimkewitsch's claims for disability discrimination should fail because he alleges he was also discriminated against based on his gender and ethnicity and national origin. Defendant cites two inapplicable and/or distinguishable cases. *Natofsky*, and *Stern v. State Univ. of New York,* No. 16-CV-5588 (NGG) (LB) (E.D.N.Y. Sept. 30, 2018). Memo., p. 12. As referenced earlier, *Natofsky* is inapplicable to the case at bar as it was dismissed after discovery by summary judgment. *Natofsky, supra*. In *Stern,* and unlike here,

the disability discrimination claim failed because the plaintiff failed to sufficiently allege facts evidencing discriminatory intent. *Stern, supra* at 13.

At the pleading stage however, it is perfectly acceptable to plead inconsistent and/or contradictory claims. FRCP 8(d)(3). It is well-settled that a plaintiff claiming disability discrimination need not plead that discriminatory intent was the sole factor in an adverse action, only that "discriminatory animus played a motivating role . . . ." *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25-26 (2d Cir. 2011); *see also*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000) (holding that the ADA covers "situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action decision"). Defendant ignores this bedrock rule of pleading. Thus, the fact that Schimkewitsch alleges claims for relief based on gender, national origin, and disability does not warrant dismissal. *Id.; Perry, supra*.

The Complaint is replete with detailed allegations of a series of specific actions which NYIT perpetrated due to plaintiff's disability, ethnicity/national origin, and gender. At the prejoinder stage, Schimkewitsch "benefits from the temporary presumption" of discriminatory motivation. Schimkewitsch clearly meets his "minimal burden to show discriminatory intent." *Littlejohn, supra* at 311. Again, Dr. Jackson's discriminatory comments, the NYIT psychiatrist's diagnosis, and NYIT's decision to expel plaintiff occurred within close temporal proximity of each other and constitute direct evidence of discriminatory intent. *Id*.

## II. SCHIMKEWITSCH'S CLAIMS OF BREACH OF CONTRACT, UNJUST ENRICHMENT, AND QUANTUM MERUIT ARE APPROPRIATELY PLEADED AND SHOULD NOT BE DISMISSED

### A. PLAINTIFF PROPERLY PLEADED A CLAIM FOR BREACH OF CONTRACT AS DEFENDANT FAILED TO COMPLY WITH ITS CONTRACTUAL OBLIGATIONS

Defendant argues that a CPLR article 78 proceeding is Schimkewitsch's exclusive remedy barring Counts VI, VII, and VIII. Defendant erroneously cites cases which are inapplicable to or distinguishable from this case. *See,* discussion *infra.* In fact, the courts have recognized and held that students are permitted to bring a breach of implied contract action against an institution of higher education. *Novio v. The New York Academy of Art*, No. 17 Civ. 5648 (RWS) (S.D.N.Y. July 18, 2018); *Eidlisz v. New York Univ.*, 61 A.D.3d 473 (1st Dept. 2009); *Ansari v. New York Univ.*, No. 96 Civ. 5280 (MBM), 1997 WL 257473, at *3 (S.D.N.Y. May 16, 1997).

The Court in *Novio* held that a student may bring a breach of contract action against an institution of higher education, provided such student "identify specific language in the school's bulletins, circulars, catalogues and handbooks which establishes the particular `contractual' right or obligation alleged by the student in order to make out an implied contract claim." *Novio, supra, quoting, Keefe v. New York Law Sch.*, 71 A.D. 3d 569 (1st Dept. 2010); *see also, Sweeney v. Columbia Univ.*, 270 A.D.2d 335, 336 (2d Dept. 2000). Specifically, the *Novio* Court held that a policy represented in a university's student handbook may constitute a contract sufficient to give rise to a breach of contract claim. *Novio, supra.*

Here, plaintiff alleges that defendant's Student Handbook ("Handbook") provides students with a right to appeal grades. Defendant denied plaintiff that right. Comp. ¶ 36. Plaintiff also alleges that defendant breached the terms of its Handbook by disciplining plaintiff for missing a single class despite the Handbook's clear delineation that the school may only discipline a student for three absences. Comp. ¶ 41. Additionally, plaintiff alleges that NYIT disparately applied the terms of the Handbook against male students as compared to similarly situated female students with regard to specifically detailed grading, dress code, tardiness, and absence policies. Comp. ¶¶ 26-32. Also, plaintiff alleged that he entered into a contract with

defendant to pay considerable tuition, attend a certain amount of classes, attain a certain grade point average, and complete his course/clinical work. In exchange, defendant promised to provide Schimkewitsch with a professional Master's degree and career path. Comp. ¶¶ 66, 83-86. Plaintiff further alleged that he performed his obligations under that contract (Comp. ¶¶ 56-59), yet defendant expelled plaintiff in breach of its contract with plaintiff. Comp. ¶¶ 66, 83-86.

Accordingly, plaintiff has listed a number of specific representations relating to the alleged rights and obligations of the parties, and has identified the documents where such obligations are memorialized. As such, Schimkewitsch has identified a contract with the school sufficient to satisfy the first element of a breach of contract. *Novio, supra*; *Vill. Cmty. Sch. v. Adler*, 124 Misc.2d 817 (N.Y. Civ. Ct. 1984).

Second, to survive a motion to dismiss, a student must identify promises made by the school "to provide for certain specified services." *Novio, supra*. Schimkewitsch identifies in the Complaint the aforementioned Handbook policies as providing him various services, benefits, and rights, including a right to appeal grades, absence, discipline, and degree policies. Comp. ¶¶ 36, 41, 66, 83-6. Accordingly, plaintiff sufficiently identified the promises made by the school "to provide for certain specified services" which mirror those found by the Courts in *Novio, Andre, and Adler*. *Novio*, *supra*; *Andre v. Pace Univ.,* 170 Misc.2d 893 (N.Y. Sup. 1996), *Adler, supra* at 819.

Finally, "to state a valid claim for a breach of contract, a plaintiff must state when and how the defendant breached the specific contractual promise." *Novio, supra*. Significantly, plaintiff identified the specific dates on which defendant breached the terms of its agreement with plaintiff. Comp. ¶¶ 36, 41, 49, 55. Having alleged all the requisite elements, Schimkewitsch is not required to pursue Counts VI - VIII in an article 78 proceeding. *Id.*

16

Defendant acknowledges that plaintiff has the right to allege a breach of contract claim without resort to an article 78 proceeding. Memo., p. 22. Defendant relies on hyper-technical semantical gymnastics to buttress its argument. However, distilled to its essence, defendant erroneously argues that no contract or agreement is sufficiently alleged. However, once again, defendant ignores the pleading. An examination of the Complaint reveals that plaintiff alleges that a contract exists where for substantial monetary consideration Schimkewitsch paid to defendant, he was entitled to receive the benefit of that consideration. *Novio, supra.* This contract entailed being permitted to attend class and earn the degree he paid for, and which defendant was contractually obligated to provide. Comp. ¶¶ 49, 66, 83-86.

Defendant's acts to suspend and expel Schimkewitsch is alleged to constitute a breach of that contractual obligation. *Id.* Further, as a result of defendant's expulsion, Schimkewitsch specifically details how he has been effectively prevented from pursuing his chosen career, resulting in longterm losses. Comp. ¶¶ 55-66. For all of the foregoing reasons, it is undeniable that plaintiff properly alleged claims that defendant breached its contract with plaintiff. *Novio, supra; Andre, supra; Adler, supra.*

**B.     AS SCHIMKEWITSCH'S VERIFIED COMPLAINT ASSERTS CLAIMS OF SYSTEMIC DISCRIMINATION, THIS COURT HAS JURISDICTION TO HEAR CLAIMS CHALLENGING HIS DISMISSAL**

In the alternative, defendant's claim that an article 78 is plaintiff's exclusive remedy is erroneous and misplaced. Indeed, there are additional independent plenary grounds as to why Schimkewitsch's claims for breach of contract, quantum meruit and unjust enrichment are viable.

Here, as discussed above, Schimkewitsch substantially performed his obligations pursuant to his agreement with defendant. Specifically, as alleged, Schimkewitsch performed well, earning a 3.5 GPA, paid significant consideration for his education in the form of tuition, completed 75% of his degree program, and completed in a satisfactory manner the vast majority

17

of his clinical rotations. Comp. ¶¶ 56-60. Additionally, students, including Schimkewitsch, as per the Handbook, are entitled to due process rights as it related to their grades, attendance, and discipline. Comp. ¶¶ 18, 25-32, 40-1. Accordingly, based on his contract with defendant and his substantial performance thereunder, Schimkewitsch, like all students, was contractually entitled to the property interest and due process rights created by NYIT's Handbook. Defendant created the ASC to provide these due process rights. Comp. ¶¶ 18, 35-40. These allegations form the basis for Schimkewitsch's claims for breach of contract, quantum meruit, and unjust enrichment.

Significantly, defendant's argument fails for the same reason discussed by this Court in similar cases: "that a plaintiff is not required to first commence an article 78 proceeding if the due process violations were allegedly systemic rather than random." *Mateo v. The County of Suffolk*, Case No. 12-CV-6160 (DRH)(GRB) (E.D.N.Y. Oct. 23, 2014); *see also, Reyes v. County of Suffolk*, 995 F. Supp. 2d 215, 228 (E.D.N.Y. 2014); *Fasciana v. County of Suffolk*, 996 F. Supp. 2d 174 (E.D.N.Y. 2014). Thus, this Court has held that, while an article 78 proceeding is an adequate vehicle to address random, unauthorized conduct, it is not an adequate procedural mechanism in cases where the system itself destroys a plaintiff's property interest. *Mateo, supra*; *Reyes, supra* at 228; *Faciana, supra*.

As it relates to Schimkewitsch's dismissal, it is critical to note that defendant's contractual due process procedure is systematically superficial and discriminatory. Plaintiff alleges that his attempt to appeal a grade was summarily denied and, "From the moment the ASC identified Schimkewitsch as being psychologically disabled, the ASC and/or other NYIT agents commenced a pattern and practice of targeted harassment as part and parcel of an agenda to expel Schimkewitsch from the program due to his disability, record of being disabled, and its perception of him as being disabled." Comp. ¶ 39. Furthermore, defendant's policy as it relates

to the ASC does not allow for an interactive process. Therefore, it is clear that defendant's ASC and due process procedure are fundamentally and systematically discriminatory.

In addition, Counts VI-VIII are well-settled common law claims which represent independent, plenary rights. An article 78 is not an exclusive remedy as defendant claims. Indeed, article 78 proceedings are markedly different than those alleged in Counts VI-VIII. An article 78 proceeding requires claims that the respondent has *inter alia* acted in an arbitrary, capricious manner and/or abused its discretion. CPLR 7803. Critically, there are no such claims in the instant complaint. In fact, the elements of Schimkewitsch's breach of contract, unjust enrichment, and quantum meruit are different than those asserted in an article 78 proceeding.

It is undeniable that Schimkewitsch was entitled to but was denied the reasonable value of the services for which he paid NYIT. As such, Schimkewitsch has pleaded a valid claim for quantum meruit. Moreover, there is no question that by prematurely expelling Schimkewitsch after he had incurred in excess of $92,400 in student debt with ongoing, potentially lifelong substantial interest, NYIT was unjustly enriched. Comp. ¶¶ 66, 83-86.

Significantly, it is up to the plaintiff, and not dictated by defendant, what claims to proffer. Relegating plaintiff to an article 78 proceeding for these three counts effectively deprives Schimkewitsch of pursuing these claims which have different elements, burdens of proof, and remedies. Such a result eviscerates independent, plenary rights which are well-settled as viable causes of action. As such, an article 78 proceeding is not an exclusive remedy and Counts VI-VIII are properly commenced. *Reyes, supra; Mateo, supra; Brady, supra; Felix, supra; Skidmore College, supra.*

### III. PLAINTIFF PLAUSIBLY ALLEGES CLAIMS FOR VIOLATION OF NEW YORK'S HUMAN RIGHTS LAW

Contrary to defendant's assertion, Schimkewitsch's Verified Complaint plausibly alleges that NYIT unlawfully discriminated against him based on his protected status as being disabled, being male, and/or his Ukrainian-Russian national origin and ethnicity.

A.     **PLAINTIFF PLAUSIBLY ALLEGES A CLAIM OF DISABILITY DISCRIMINATION**

As alleged, and discussed above, plaintiff suffers from a disability covered by the Americans with Disability Act. New York Human Rights Law (NYHRL) however, has a broader definition of what constitutes a covered disability. Exec. L. § 292(21). Defendant ignores this fact. Indeed, under state law, a disability need only be a demonstrable impairment; it does not have to substantially limit a major life activity. *Id.,* at 154; *see, e.g., Krikelis v. Vassar Coll.,* 581 F. Supp. 2d 476, 486 (S.D.N.Y. 2008). "To qualify as a disability, the condition may manifest itself in one of two ways: (1) by preventing the exercise of a normal bodily function or (2) by being demonstrable by medically accepted clinical or diagnostic techniques." *State Div. of Human Rights v. Xerox Corp.,* 65 N.Y.2d 213 (1985); *Matter of Doe v. Bell,* 194 Misc. 2d 774 (N.Y. Sup. 2003); *Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 155 (2d Cir. 1998). As such, plaintiff plausibly alleged claims for disability discrimination under NYSHRL. Comp. ¶¶ 33-55; *Skidmore College, supra; Lawton, supra; Brady, supra, Jackan, supra; Felix supra; Pothen, supra; Xerox Corp., supra; Matter of Doe, supra; Reeves, supra.*

B.     **PLAINTIFF PLAUSIBLY ALLEGES A CLAIM OF GENDER DISCRIMINATION BASED ON DISPARATE TREATMENT**

A plaintiff in a discrimination case need not plead a prima facie case of discrimination. *Pothen, supra* at 493; *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 84 (2d Cir. 2015); *Leibowitz, supra* at 591; *Swierkiewicz, supra* at 510. Under the standard set forth by the Supreme Court in *Swierkiewicz,* a plaintiff alleging discrimination need only plead "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz, supra* at 508

(*quoting* FRCP 8(a)(2)). Schimkewitsch alleged that he "was subjected to disparate treatment from other similarly situated female students because he is male. Comp. ¶ 24.

Schimkewitsch however pleaded with more specificity than what is required. *Id*. Plaintiff alleged that defendant routinely disparately applied Handbook policies more rigidly to Schimkewitsch than to similarly situated female students. Comp. ¶¶ 25-26, 29-30. Plaintiff alleged specific examples. He cited that the vast majority of the student population was female. Comp. ¶ 23. Schimkewitsch alleged that one of his female classmates received a lower grade than Schimkewitsch on all examinations but received a higher overall grade for the course. Comp. ¶ 28. Additionally, Schimkewitsch detailed specific Handbook policies, specifically, grading, dress code and attendance policies, which were disparately applied to the benefit of similarly situated female students. Comp. ¶¶ 29, 30. Accordingly, it is overwhelmingly evident that Schimkewitsch plausibly alleged gender discrimination based on disparate treatment. *Pothen, supra* at 493; *Vega, supra*, 84; *Leibowitz, supra* at 591; *Swierkiewicz, supra* at 510.

Significantly, defendant argues the absence of certain details as fatal to this count. Yet it is undeniable that the remaining details regarding the female student's records (which are in defendant's sole possession), the coursework, and the specific page numbers of the Handbook policies would properly be the subjects of discovery. Thus, this count was plausibly pleaded and defendant's argument to support dismissal is misplaced and must be rejected. *Ray v. Weit*, No. 16-1106 (2d Cir. Sep. 8, 2017); *See, Bell Atlantic Corp., supra* at 556; *Pothen, supra* at 493; *Vega, supra*, 84; *Leibowitz, supra* at 591; *Swierkiewicz, supra* at 510.

## C.  PLAINTIFF  PLAUSIBLY  ALLEGES  A  CLAIM  OF  GENDER DISCRIMINATION BASED ON DISPARATE IMPACT

To state a claim for disparate impact, a plaintiff need only plead "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Jenkins v. New York City Transit Authority*, 646 F. Supp. 2d 464 (S.D.N.Y. 2009); *quoting*, *Iqbal, supra* at 1949;

(quoting Twombly, supra at 570). A plaintiff is not required to plead facts sufficient to establish a prima facie case. *Jenkins, supra; Boykin v. KeyCorp.*, 521 F.3d 202, 212 (2d Cir. 2008).

Defendant's argument that a plaintiff must provide statistical support for a disparate impact claim in order to survive a motion to dismiss, is simply incorrect. It would be inappropriate to require a plaintiff to produce statistics to support a disparate impact claim before he or she has had the benefit of discovery. *Swierkiewicz,* 534 U.S. at 511-12. A plaintiff must merely identify a specific practice to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. Here, Schimkewitsch alleges that defendant's Handbook contains facially neutral policies regarding grading, dress code, attendance, and professionalism which it enforces in a discriminatory manner. Comp. ¶¶ 29-30. Additionally, Schimkewitsch alleges that defendant's student population is disproportionately 85% female. Comp. ¶ 23. Accordingly, Schimkewitsch plausibly alleges gender discrimination based on disparate impact. *Jenkins, supra; Boykin, supra* at 212; *Swierkiewicz, supra.*

### D.   AT THE PLEADINGS STAGE, PLAINTIFF SCHIMKEWITSCH MET HIS MINIMAL BURDEN OF ALLEGING FACTS RAISING AN INFERENCE OF DISCRIMINATORY ANIMUS BASED ON HIS NATIONAL ORIGIN AND/OR ETHNICITY

"The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *United States v. Brennan*, 650 F.3d 65, 134 (2d Cir. 2011). Plaintiff's pleaded Ukrainian ethnicity is sufficient to establish that he is a member of a protected group based on his national origin. *See, e.g., Joseph v. N. Shore Univ. Hosp.*, No. 08-CV-3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Schimkewitsch alleges that Dr. Jackson asked plaintiff's class "raise their hands if they were born inside the United States," at which time Schimkewitsch identified himself as first-generation Ukrainian. Comp. ¶¶ 14-15. Schimkewitsch alleges that Dr. Jackson then met with Schimkewitsch and made discriminatory comments about Russian culture including, but not

limited to, his belief that "Russians do not believe in modern medicine." Comp. ¶¶ 16. These allegations and subsequent adverse acts unequivocally demonstrate that Schimkewitsch alleged direct evidence that Dr. Jackson engaged in discriminatory conduct based on his ethnicity and national origin. *See Vega, supra* at 87; *Szewczyk, supra; Littlejohn, supra* at 307, 312.

Furthermore, defendant's contention that because Dr. Jackson's discriminatory comments were about Russians, and not Ukrainians, they cannot constitute discrimination is similarly without merit. It is a well-known fact that the Ukraine was a part of the former Soviet Union until it dissolved in the 1990s. Moreover, large portions of the Ukrainian population speak Russian and share in Russian cultural and ethnic traditions. As a result, when Dr. Jackson directed disparaging comments about Russians at a person who announced he was Ukrainian it is plausible that he did so with discriminatory intent. Considering Schimkewitsch alleges that Dr. Jackson directed the discriminatory comments at plaintiff shortly after he informed Jackson he is Ukrainian, which then led to plaintiff being subjected to adverse actions, including expulsion, strongly suggests that Dr. Jackson's comments were discriminatory. Comp. ¶¶ 14-16.

### E. SCHIMKEWITSCH PLAUSIBLY ALLEGES UNLAWFUL RETALIATION

The Supreme Court has defined an adverse retaliation action as one that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). This definition covers a broad range of conduct. *Id*. at 64. Further, causation can be shown indirectly by alleging a protected activity followed closely in time by adverse action. *See, Cifra v. Gen. Elec. Co*., 252 F.3d 205, 217 (2d Cir. 2001); *Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 110 (2d Cir. 2010).

Defendant's attempt to obtain dismissal of Count V, similar to defendant's other arguments, is premature. Defendant does not deny (nor can it) that plaintiff pleads that he did complain and attempted to complain about the unlawful discriminatory practices detailed in the

Complaint prior to and incorporated by reference into the retaliation count. Comp. §§ 79-81. Schimkewitsch is entitled to the benefit of every inference favorable to his allegations, and which are presumed true for the purpose of a 12(b)(6) motion. See *Vega, supra* at 87; *Szewczyk, supra; Littlejohn, supra* at 307, 312. The Complaint need not plead every detail of a claim. *Pothen, supra* at 493; *Vega, supra* 84; *Leibowitz, supra* at 591; *Swierkiewicz, supra* at 510.

Using defendant's own analysis, the Complaint makes clear that Schimkewitsch plausibly alleges retaliation. Schimkewitsch alleges that defendant retaliated against plaintiff for being male following a Title IX investigation. Comp. ¶ 22. Defendant utilized the ASC and its pretextual claim of unprofessionalism to intimidate and dissuade Schimkewitsch from charging discrimination before he was expelled. Comp. ¶¶ 18-22, 80-81. Significantly, all of the alleged adverse actions took place in close temporal proximity to Schimkewitsch's complaints of discrimination. Comp. ¶¶ 36, 41, 49, 55. Defendant's claim that it was not aware of Schimkewitsch's complaints is simply belied by evidence that will be produced. In any event, as Schimkewitsch detailed and pleaded that he did complain about defendant's unlawful practices and conduct, dismissal is simply not warranted. Comp. ¶¶ 18-22, 80-81. *Burlington, supra; Cifra, supra; Gorzynski, supra; Vega, supra; Szewczyk, supra; Swierkiewicz; supra.*

## IV. SCHIMKEWITSCH PLAUSIBLY ALLEGED DISCRIMINATION AND RETALIATION PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW

Contrary to defendant's claim, the New York City Human Rights Law ("NYCHRL"), (N.Y.C. Admin. Code §§8-101 *et seq.*) applies to this case. Indeed, courts have held that a nonresident plaintiff may invoke the protections of the NYCHRL by merely alleging that the discriminatory decision to terminate was made in the city. *Rohn Padmore, Inc. v. LC Play Inc.*, 679 F Supp 2d 454, 465 (S.D.N.Y. 2010) (holding nonresident plaintiff working in California need only show that the alleged discriminatory decision to terminate occurred in the city).

Alternatively, a nonresident plaintiff could demonstrate that the alleged discriminatory conduct had an "impact" within the city. *Hoffman v. Parade Publs*., 15 N.Y.3d 285 (2010); *Shah v. Wilco Sys., Inc*., 27 A.D.3d 169, 176 (1st Dept. 2005).

Irrespective of which standard is applicable, NYCHRL applies to Schimkewitsch's claims. Indeed, Schimkewitsch was required to complete clinical rotations which occurred within New York City and NYIT's Physician Assistant Studies program had, at the time the claims accrued, administrative offices in New York City.[4] As such, Schimkewitsch plausibly alleged that the decision to discriminatorily expel him from the program took place in New York City, and that decision impacted him by events occurring in New York City. Accordingly, NYCHRL applies to plaintiff's claims.

## CONCLUSION

Based upon the foregoing, the defendant's motion to dismiss the Complaint should be denied in its entirety.

Dated:  Melville, New York
          January 2, 2020

                                        Respectfully submitted,

                                        GILBERT LAW GROUP

                                        _____
                                        JASON ANDREW GILBERT
                                        Attorneys for Plaintiff Elijah Schimkewitsch
                                        631.630.0100

---

[4] Notwithstanding the sufficient plausibility of plaintiff's claims, to the extent plaintiff's Complaint fails to include these or other factual allegations, plaintiff submits that he be permitted to amend his Complaint to include such allegations. *See,* Gilbert affirmation.

25