# GILBERT LAW GROUP

| | |
|---|---|
| **425 BROADHOLLOW ROAD, SUITE 405** | **JAGILBERT@gilbertlegal.net** |
| **MELVILLE, NY 11747-4701** | **WEBSITE: gilbertlegal.net** |
| **631.630.0100** | **FAX: 631.630.0101** |

**BY ECF**

June 17, 2020

The Honorable Gary R. Brown
United States District Judge
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

                Re: *Schimkewitsch v. New York Institute of Technology*
                      2:19-CV-05199 (GRB) (AYS)

Dear Judge Brown:

      This office represents Plaintiff Elijah Schimkewitsch ("Mr. Schimkewitsch" or "plaintiff") in the above-referenced action. Plaintiff, through counsel, contacted Your Honor's Chambers to express our intention to file a motion pursuant to Local Civil Rule 6.3. Plaintiff was instructed by Ms. McMorrow to file a letter seeking clarification prior to doing so.

      Initially, it is important to note that counsel for plaintiff is aware that Your Honor's Individual Practice Rules explicitly state that a party should not file a pre-motion letter prior to filing a motion for reconsideration. As such, without an appropriate extension, it will not be feasible to timely file said motion within the 14-day time limit for filing motions to reconsider pursuant to Local Civil Rule 6.3, and be compliant with Ms. McMorrow's directive, plaintiff needs to set forth additional underlying and supporting factual allegations. Local Civil Rule 6.3 states however, "No affidavits shall be filed by any party unless directed by the Court." Thus, this letter shall serve to respectfully request that plaintiff be permitted to file an affidavit or declaration with his motion to reconsider.

      Plaintiff seeks to submit a motion to reconsider Your Honor's Order dismissing Plaintiff's New York City Human Rights Law ("NYCHRL") claims. Mr. Schimkewitsch seeks modification of Your Honor's Order such that the dismissal would be converted to be without prejudice. Plaintiff's goal is to amend his Verified Complaint in order to allege facts to establish NYCHRL's proper application.

      For purposes of this letter, Mr. Schimkewitsch seeks clarification as to method and time to move. Although Mr. Schimkewistch pleaded facts in his Verified Complaint alleging jurisdiction in New York City, Mr. Schimkewitsch intends to include additional supporting underlying facts which further establish that his claims accrued in and impact New York City. In his Verified Complaint (*e.g.* ¶ 6), Mr. Schimkewitsch alleged that NYIT "is located and does business both in Nassau County, New York, and New York County, New York."

      Inasmuch as Mr. Schimkewitsch is aware of significant facts establishing NYCHRL's proper application, it is necessary that he be permitted to amend his complaint to include said facts.

For example, four of Mr. Schimkewitsch's residential clinicals were located in New York City, including his final clinical, which directly precipitated his expulsion. Indeed, Mr. Schimkewitsch's Family Medicine clinical was located in Bayside, Queens. His Internal Medicine clinical took place in Elmhurst, Queens. His final rotation, which was most closely associated (temporally and causally) with his expulsion was his Pediatrics clinical located in Astoria, Queens. The Pediatrics clinical in Astoria, Queens, was the final clinical Which precipitated his expulsion. Mr. Schimkewitsch was abruptly expelled days before he completed the Pediatrics clinical. His abrupt and unlawful expulsion from defendant's Master of Science Physician's Assistant program days before he completed his Pediatric clinical directly led him to file this action. Additionally, NYIT has a significant presence in New York City including, but not limited to, its library, auditorium, office of alumni relations, and (at least at the time plaintiff's claims accrued) administrative offices. These facts support Mr. Schimkewitsch's contention that NYCHRL is applicable. Accordingly, they are necessary for Plaintiff to include in his motion to reconsider and/or amend.

Additionally, Local Civil Rule 6.3 provides that a party must file such a motion within 14 days from the date on which the Order was filed. As per the instructions provided by Your Honor's Chambers on June 16, 2020, plaintiff is filing this letter seeking the aforementioned clarification. Accordingly, Mr. Schimkewitsch respectfully requests an additional two weeks to file his motion to reconsider. Your Honor filed the Order on June 4, 2020. Plaintiff has currently until Thursday, June 18, 2020, to file a motion to reconsider. Plaintiff seeks clarification as to whether he is permitted to attach a declaration asserting new underlying supporting facts. As a result, an additional week to file the intended motion is necessary.

It should be noted that the Order (at pp. 1, 14) has already granted plaintiff leave to amend regarding claims dismissed without prejudice. Plaintiff intends to so amend. Alternatively, plaintiff simply seeks an Order modifying Your Honor's prior Order converting the dismissal of the NYCHRL claims to "without prejudice" thus enabling him the ability to amend the complaint. The complaint has not previously been amended. Defendant will not suffer any prejudice as it has all remedies available following the filing of an amended complaint.

Thank you for Your Honor's time and consideration of this matter.

Very truly yours,

GILBERT LAW GROUP

JASON ANDREW GILBERT

cc: Douglas P. Catalano, Esq. (by ECF)
    Stefanie R. Toren, Esq. (by ECF)
    Stephen P. Pischl, Esq. (by ECF)