UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
        :
ELIJAH SCHIMKEWITSCH,        :
        :  Civil Action No. 19-cv-05199 (GRB)(AYS)
      Plaintiff,        :
        :  **ANSWER TO THE FIRST AMENDED**
  -against-        :  **VERIFIED COMPLAINT**
        :
NEW YORK INSTITUTE OF TECHNOLOGY,  :
        :
      Defendant.        :
        :
---------------------------------------------------------x

      Defendant New York Institute of Technology ("NYIT"), by and through its attorneys, Clifton Budd & DeMaria, LLP, as and for its answer to Plaintiff Elijah Schimkewitsch's ("Plaintiff") First Amended Verified Complaint (the "Complaint") alleges as follows:

## NATURE OF THE ACTION

      1.      The allegations contained in paragraph 1 of the Complaint state the various laws and statutes under which Plaintiff brings this action and, accordingly, no responsive pleading is required. To the extent a response is required, NYIT denies that it violated any of the statutes, laws, regulations, constitutional or common laws cited therein, denies Plaintiff's claims and denies that Plaintiff is entitled to any of the damages sought in this action.

      2.      Denies the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

      3.      The allegations set forth in paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 3 of the Complaint.

4. The allegations set forth in paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. The allegations set forth in paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 5 of the Complaint, except denies knowledge or information as to the truth of the allegations concerning the location of Plaintiff's residence and Plaintiff's citizenship.

6. The allegations set forth in paragraph 6 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations set forth in paragraph 6 of the Complaint, except admits that NYIT is a private not-for-profit institution of higher education with New York State locations in New York and Nassau Counties and that NYIT receives federal funds.

## FACTS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Admits the allegations set forth in paragraph 9 of the Complaint.

10. Admits the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint and respectfully refers the Court to the e-mail in question for a recitation of its contents.

14. Admits the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to when Plaintiff viewed the alleged e-mail from Zehra Ahmed and further respectfully refers the Court to the e-mails in question for a recitation of their contents.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint, except admits that Plaintiff appealed a grade in May 2017 and that after review, NYIT concluded that there was no basis for a change in Plaintiff's grade.

18. Denies the allegations set forth in paragraph 18 of the Complaint, except admits that the Academic Standing Committee ("ASC") met with Plaintiff on May 24, 2017 and discussed several incidents involving Plaintiff that had occurred during the 2016-2017 academic year.

19. Denies the allegations set forth in paragraph 19 of the Complaint, except admits that Dr. David Jackson was Plaintiff's academic advisor in or about May 2017.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that on or about November 9, 2017, Plaintiff was absent from PHAS 650 Research I and that an ASC meeting was held on November 16, 2017.

28. Denies the allegations set forth in paragraph 28 of the Complaint, except admits that on or about November 9, 2017, Plaintiff was absent from PHAS 650 Research I and that Plaintiff was placed on probation in or about December 2017.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint, except admits that Plaintiff was on probation from in or about December 2017 until May 3, 2018.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Admits the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except admits that Plaintiff's surgical clinical rotation was at Long Island Jewish Medical Center ("LIJ") in New Hyde Park, New York from July 23, 2018 until on or about August 9, 2018.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint, excepts denies knowledge or information sufficient to form a belief as to the name of the on-call resident(s) during Plaintiff's surgical clinical rotation at LIJ.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint and refers the Court to the applicable NYIT Department of PA Studies Senior Year Orientation Manual for a recitation of its contents.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint, except admits that, upon information and belief, on August 9, 2018 Plaintiff's supervising preceptor at LIJ sent Plaintiff home from his surgical clinical rotation.

43. Denies the allegations set forth in paragraph 43 of the Complaint, except admits that LIJ removed Plaintiff from his surgical clinical rotation at LIJ.

44. Denies the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint, except admits that Plaintiff attended a meeting at NYIT on August 13, 2018.

46. Denies the allegations contained in paragraph 46 of the Complaint, except admits that Plaintiff attended a meeting at NYIT on August 13, 2018 during which Plaintiff was informed that he was dismissed from his surgical clinical rotation at LIJ and provided the reasons why LIJ decided to dismiss him, including, but not limited to an incident that LIJ contended placed a patient at risk.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint, except admits that NYIT informed Plaintiff on August 13, 2018 that LIJ had dismissed Plaintiff from his surgical clinical rotation at LIJ.

51. Denies the allegations set forth in paragraph 51 of the Complaint, except admits that NYIT placed Plaintiff on emergency suspension on September 3, 2018 and informed Plaintiff that he must undergo an evaluation by a licensed psychiatrist to regain student status.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint, except admits that, upon information and belief, Plaintiff met with Michael Sanders, M.D.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Denies the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58, except admits that after review of Dr. Sanders's report to NYIT, NYIT approved Plaintiff's return to NYIT effective September 17, 2018.

59. Denies the allegations set forth in paragraph 59 of the Complaint, except admits that Plaintiff commenced his internal medicine clinical rotation at Advance Quality Medicine PC on September 17, 2018.

60. Denies the allegations set forth in paragraph 60 of the Complaint, except admits that Plaintiff completed his internal medicine clinical rotation at Advance Quality Medicine PC located at 83-24 Cornish Avenue, Elmhurst, New York 11373 and that Dr. Karen Lee was a practitioner at Advance Quality Medicine PC during Plaintiff's clinical rotation.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint, except admits that Plaintiff completed his internal medicine clinical rotation at Winthrop Hospital which commenced on October 15, 2018.

62. Denies the allegations set forth in paragraph 62 of the Complaint, except admits that Plaintiff commenced his pediatric clinical rotation after he completed his internal medicine clinical rotation at Winthrop Hospital.

63. Denies the allegations set forth in paragraph 63 of the Complaint, except admits that Plaintiff's pediatrics clinical rotation took place at Pediatric Health Care of Queens, P.C. located at 30-14 37th Street, Astoria, New York 11103 and that Dr. Demetrios Markouizos was a practitioner at Pediatric Health Care of Queens, P.C. during Plaintiff's clinical rotation.

64. Denies the allegations set forth in paragraph 64 of the Complaint, except admits that an evaluator at a student's clinical rotation generally completes a Mid-rotation Clerkship Evaluation Form.

65. Admits the allegations set forth in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint, except admits that on December 6, 2018 NYIT dismissed Plaintiff from the NYIT Department of Physician Assistant Studies Program.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

69. Denies the allegations set forth in paragraph 69 of the Complaint.

70. Denies the allegations set forth in paragraph 70 of the Complaint.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

72. Denies the allegations set forth in paragraph 72 of the Complaint.

73. Denies the allegations set forth in paragraph 73 of the Complaint, except admits that Plaintiff paid tuition and fees to NYIT in connection with his Master of Science Physician Assistant degree program.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. Denies the allegations set forth in paragraph 75 of the Complaint, except denies knowledge or information sufficient to form a belief as to the amount of Plaintiff's alleged student debt.

76. Denies the allegations set forth in paragraph 76 of the Complaint.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

78. Denies the allegations set forth in paragraph 78 of the Complaint.

79. Denies the allegations set forth in paragraph 79 of the Complaint.

80. Denies the allegations set forth in paragraph 80 of the Complaint, except admits that Plaintiff paid tuition and fees to NYIT.

## CLAIMS FOR RELIEF

### COUNT I

### DISCRIMINATION BASED ON DISABILITY, RECORD OF DISABILITY, PERCEIVED DISABILITY

**Pursuant to § 504 of the Rehabilitation Act of 1973, Titles I & III of the Americans With Disabilities Act, New York State Human Rights Law, and the New York City Human Rights Law**

81. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "80" with the same force and effect as if fully set forth at length herein.

82. The allegations set forth in paragraph 82 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations contained in paragraph 82 of the Complaint.

83. The allegations set forth in paragraph 83 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, NYIT denies the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85. Denies the allegations set forth in paragraph 85 of the Complaint.

86. Denies the allegations set forth in paragraph 86 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint.

88. Denies the allegations set forth in paragraph 88 of the Complaint.

89. Denies the allegations set forth in paragraph 89 of the Complaint, except admits that one of NYIT's campuses is located in New York County.

90. Denies the allegations set forth in paragraph 90 of the Complaint, except admits that some of Plaintiff's clinical rotations were at locations in Queens, New York.

91. Denies the allegations set forth in paragraph 91 of the Complaint, except admits that some of Plaintiff's clinical rotations were at locations in Queens, New York.

92. Denies the allegations set forth in paragraph 92 of the Complaint.

93. Denies the allegations set forth in paragraph 93 of the Complaint.

94. Denies the allegations set forth in paragraph 94 of the Complaint.

95. Denies the allegations set forth in paragraph 95 of the Complaint.

96. Denies the allegations set forth in paragraph 96 of the Complaint.

97. Denies the allegations set forth in paragraph 97 of the Complaint.

98. Denies the allegations set forth in paragraph 98 of the Complaint.

99. Denies the allegations set forth in paragraph 99 of the Complaint.

100. Denies the allegations set forth in paragraph 100 of the Complaint.

101. Denies the allegations set forth in paragraph 101 of the Complaint.

102. Denies the allegations set forth in paragraph 102 of the Complaint, except admits that one of NYIT's campuses is located in New York County.

103. Admits the allegations set forth in paragraph 103 of the Complaint.

104. Admits the allegations set forth in paragraph 104 of the Complaint.

105. Admits the allegations set forth in paragraph 105 of the Complaint.

106. Denies the allegations set forth in paragraph 106 of the Complaint.

## FOR ALL COUNTS

107. Repeats each and every allegation, admission and denial contained in paragraphs "1" through "106" with the same force and effect as if fully set forth at length herein.

108. Denies the allegations set forth in paragraph 108 of the Complaint.

109. Denies the allegations set forth in paragraph 109 of the Complaint.

110. Denies the allegations set forth in paragraph 110 of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint.

112. Denies the allegations set forth in paragraph 112 of the Complaint.

113. Denies the allegations set forth in paragraph 113 of the Complaint.

## JURY DEMAND

114. The allegations set forth in paragraph 114 of the Complaint contain conclusions of law to which no response is required.

The remainder of the Complaint constitutes a Prayer for Relief to which no responsive pleading is required. It is specifically denied that any action or inaction of NYIT entitles Plaintiff to the relief requested.

NYIT denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted, in whole or in part.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitations and/or to the extent that Plaintiff failed to exhaust all administrative, statutory and/or jurisdictional prerequisites.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because Plaintiff failed to mitigate his damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All actions taken by NYIT with regard to Plaintiff were taken for legitimate, non-discriminatory reasons.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking punitive damages in the Complaint, Plaintiff is not entitled to any punitive damages because Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against NYIT under applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any claims by Plaintiff for punitive relief are barred, inasmuch as Plaintiff cannot show that NYIT showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of indifference to consequences.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive relief are barred as Plaintiff cannot recover punitive damages under Section 504 of the Rehabilitation Act of 1973 (the "Rehab Act"), Title III of the Americans With Disabilities Act (the "ADA") and the New York State Human Rights Law ("NYSHRL").

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to Title III of the ADA fail to state a claim upon which relief can be granted as the Complaint seeks monetary damages, which are not an available remedy for purported violations of the applicable statute and/or regulations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek injunctive relief under Title III of the ADA as to the extent that Plaintiff alleges that NYIT wronged him, which NYIT denies, there is not a sufficient likelihood that Plaintiff will be wronged in a similar way in the future nor has Plaintiff suffered any injury in fact as a result of any act or omission by NYIT.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under Title I of the ADA as NYIT was not Plaintiff's employer.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent that NYIT's actions with regard to Plaintiff were motivated, in part, by unlawful reasons, which NYIT expressly denies, NYIT would have taken the same actions with respect to Plaintiff for legitimate, non-discriminatory reasons.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint have no basis in law or fact.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

NYIT enforced its anti-discrimination policies, and at all times acted, in good faith.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the program or enjoy the right or rights in question.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is considered to be a qualified individual with a disability under the Rehab Act, Titles I and III of the ADA, NYSHRL and/or New York City Human Rights Law ("NYCHRL"), NYIT met its obligation, if any, to engage in the interactive process and/or a cooperative dialogue with Plaintiff and to the extent that Plaintiff did not receive an accommodation, Plaintiff failed to timely engage in the interactive process and/or a cooperative dialogue concerning any requested accommodations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is considered to be a qualified individual with a disability under the Rehab Act, Titles I and III of the ADA, NYSHRL and/or NYCHRL, Plaintiff did not make certain accommodation requests known to NYIT and/or did not request any accommodations from NYIT.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is considered to be a qualified individual with a disability under the Rehab Act, Titles I and III of the ADA, NYSHRL and/or NYCHRL and to the extent that Plaintiff sought accommodations, which NYIT denies, such accommodations were unreasonable, would impose an undue hardship and/or would create a direct threat of substantial harm to others.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The allegations in the Complaint constitute nothing more than what a reasonable victim of discrimination or retaliation would consider petty slights and/or trivial inconveniences.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

To the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against NYIT in their entirety.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims under the NYCHRL are barred as none of the challenged conduct in the Complaint occurred within the jurisdictional boundaries of New York City.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Without discovery, NYIT cannot determine the extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative

defenses to Plaintiff's Complaint, NYIT reserves its right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, Defendant NYIT demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 13, 2020

          Respectfully Submitted,

          CLIFTON BUDD & DeMARIA, LLP
          *Attorneys for Defendant*

By: _____
          Douglas P. Catalano
          Stefanie R. Toren
          Stephen P. Pischl
          350 Fifth Avenue, 61st Floor
          New York, New York 10118
          Phone: (212) 687-7410
          Facsimile: (212) 687-3285
          dpcatalano@cbdm.com
          srtoren@cbdm.com
          sppischl@cbdm.com