# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

October 21, 2021

**VIA ECF**
Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: *Elijah Schimkewitsch v. New York Institute of Technology*,
      19-CV-05199 (GRB)(AYS)

Dear Judge Shields:

  This firm represents Defendant New York Institute of Technology ("NYIT") in the above-referenced action. Pursuant to Your Honor's September 20, 2021 Order, please accept this joint letter submitted on behalf of the parties. The parties' response to Your Honor's initial joint letter requirements is below:

1. Name of the case: *Elijah Schimkewitsch v. New York Institute of Technology*

2. Basis for federal jurisdiction: Plaintiff asserts claims against NYIT under §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, and Title III of the American With Disabilities Act, 42 U.S.C. §12182, *et seq.*.

3. Plaintiff served the Amended Complaint upon NYIT. NYIT filed its Answer to the Amended Complaint on August 13, 2020.

4. NYIT has not asserted a counterclaim or crossclaim.

5. Plaintiff's explanation of the facts of the case:

  Plaintiff Elijah Schimkewitsch ("Schimkewitsch" or "Plaintiff") was a student attending the NYIT School of Health Professions in pursuit of a Physician Assistant's Master's Degree. Schimkewitsch attended NYIT School of Health Professions (the "School") in order to obtain certification and licensure as a medical professional and, specifically, a Physician Assistant ("PA").

In or around May 2017, Academic Advisor and member of the Academic Standings Committee (the "ASC"), David Jackson, directed disparaging remarks at Schimkewitsch that he "should get counseling or executive coaching." The ASC is the outfit designated by the School to implement disciplinary action against students. Schimkewitsch had previously graduated from NYIT undergraduate program, had no previous history of mental illness, and was not diagnosed as having any mental illness at that time.

From this moment forward, it became clear that the School perceived Schimkewitsch as having a psychological disability. As a result, the School commenced a pattern and practice of disparate treatment. The School repeatedly deviated from its written policies and established past practices in a manner designed to either create a pretext from which it could justify an otherwise unlawful dismissal, or constructively discharge Schimkewitsch.

Plaintiff's First Amended Verified Complaint alleges specific, repeated and consistent examples of the School either deviating from, or outright violating its own written policies. From this pattern and practice, the School progressively created a pretextual disciplinary record against Schimkewitsch. The School's pattern of violating of its own policy as part of its agenda to disparately target Schimkewitsch gave rise to the School placing Schimkewitsch on emergency suspension without legitimate basis. In or around September 2018, defendant delineated that in order for Schimkewitsch to be permitted to return to class, he must first be cleared by an NYIT-approved psychologist. There was no legitimate basis for this requirement.

Schimkewitsch met with an NYIT-approved psychiatrist as required. The psychiatrist's report diagnosed Schimkewitsch as having an anxiety disorder, but stated that he was qualified to return to class, and able to perform the functions of his position. On or about December 6, 2018, the School again deviated from its own written policy and/or established past practice in order to discipline Schimkewitsch based on a pretext. There was no legitimate basis for this adverse action taken against Schimkewitsch. As a result, Schimkewitsch was ultimately dismissed from the NYIT School of Health Professions giving rise to irreparable harm and damages.

Schimkewitsch alleges that the School's disparaging comments and pattern of practices coupled with the exhibited temporal proximity and lack of legitimate basis for of its actions, establish unlawful discrimination based on both plaintiff's record of disability as well as the School's perception that Schimkewitsch was mentally disabled.

6.  Plaintiff will produce HIPAA-compliant authorizations concerning his allegations that he is disabled and/or suffered any emotional distress based on NYIT's alleged actions, if any, by November 9, 2021.

7.  The parties have agreed to produce documents relevant to Phase I discovery by November 24, 2021. NYIT has agreed to produce NYIT's student file concerning Plaintiff, the relevant

student handbook and certain documents related to Plaintiff's disciplinary record and termination. Plaintiff has agreed to produce certain documents concerning the basis for his claims and mitigation.

8.     The parties propose a status conference with the Court on December 10, 2021 and to submit a joint status letter on December 8, 2021.

The parties' Discovery Plan Worksheet is also enclosed. Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendant*

By:   *Stefanie Toren*
      _____
      Douglas P. Catalano
      Stefanie R. Toren
      Stephen P. Pischl

Enc.

cc:    Howard E. Gilbert, Esq.
       Jason A. Gilbert, Esq.

# DISCOVERY PLAN WORKSHEET
**Tier I Pre-Settlement Discovery**

| | |
|---|---|
| Deadline for completion of Rule 26(a) initial disclosures and HIPAA-complaint records authorizations: | November 9, 2021 |
| Completion date for Phase I Discovery as agreed upon by the parties: *(Reciprocal and agreed upon document production, generally not including depositions, unless otherwise agreed. No more than 30 days after Initial Conference)* | November 24, 2021 |
| Status conference TBD by the court: (*Generally 15 days post Tier I Discovery*) | December 10, 2021 |

**Tier II Discovery and Motion Practice**

| | |
|---|---|
| Motion to join new parties or amend the pleadings: *(Presumptively 15 days post status conference)* | December 27, 2021 |
| First requests for production of documents and for interrogatories due by: *(Presumptively 15 days post joining/amending )* | January 11, 2022 |
| All fact discovery completed by: *(Presumptively 3.5 months post first requests for documents/interrogatories )* | April 26, 2022 |
| Exchange of expert reports completed by: *(Presumptively 30 days post fact discovery)* | May 26, 2022 |
| Expert depositions completed by: *(Presumptively 30 days post expert reports)* | June 27, 2022 |
| Final date to take first step in dispositive motion practice: *(Parties are directed to consult the District Judge's individual rules regarding such motion practice. Presumptively 30 days post expert depositions)* | July 27, 2022 |
| Submission of joint pre-trial order: | _____ |
| Final Pre-Trial Conference TBD by the court: | |