# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

March 15, 2023

**VIA ECF**
Honorable Gary R. Brown, U.S.D.J.
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722

   Re: <u>Elijah Schimkewitsch v. New York Institute of Technology,</u> 19-cv-05199(GRB)

Dear Judge Brown:

  This firm represents New York Institute of Technology ("NYIT"). Pursuant to Your Honor's rules, NYIT respectfully requests a pre-motion conference as it seeks permission to move for summary judgment. Plaintiff commenced this action arising out of his dismissal from NYIT's Physician Assistant Studies Program (the "Program"). In the Amended Complaint, Plaintiff alleges that NYIT discriminated against Plaintiff based on his alleged actual or perceived disability in violation of the Rehabilitation Act ("Rehab Act"), Titles I[1] and III of the Americans With Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). (Am. Complaint, ¶1).

  Plaintiff's claims under the Rehab Act, the ADA and the NYSHRL[2] (the "Acts") should be dismissed as Plaintiff has failed to meet his burden to show that any determination NYIT made with respect to Plaintiff was predicated by reason of any qualifying actual or perceived disability, rather than his own failure to adhere to NYIT's requirements. To establish a *prima facie* case, Plaintiff must demonstrate that: (1) he is an "otherwise qualified individual" with a disability or was regarded as disabled, (2) NYIT is subject to the Acts, and (3) he was denied the opportunity to participate in or benefit from NYIT's services or programs by reason of his actual or perceived disability. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

  As for the first prong, Plaintiff must provide evidence that NYIT had knowledge of his alleged disability of anxiety disorder. *See Newton v. Whole Foods Market*, 2022 WL 4619111, *5 (S.D.N.Y. 2022). Plaintiff never informed NYIT of his alleged diagnosis nor provided any medical documentation confirming this diagnosis. 56.1 ¶¶51, 54, 123-124. As for the third prong, Plaintiff presented no evidence that NYIT dismissed him from the Program because of his actual or perceived disability. There is no evidence of disparaging remarks or disparate treatment. *See Doe v. Pfrommer*, 148 F.3d 73, 83 (2d Cir. 1998). Plaintiff contends that his advisor recommended that he get "psychiatric counseling or executive coaching" in connection with a meeting concerning his professionalism during which he referenced feeling stressed. P. 81:3-83:7. Even if such a remark was said, it does not indicate any discriminatory animus on behalf of NYIT, particularly as this faculty member was not involved in the decision to dismiss.

---

[1] Plaintiff's Title I ADA claims should be dismissed as Plaintiff was not an employee. 42 U.S.C. §§ 12111-12112.
[2] Claims under the Acts are analyzed under the same standard. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012); *Frilando v. New York City Transit Auth*., 463 F. Supp. 3d 501, 514 (S.D.N.Y. 2020).

In the event the Court determines that Plaintiff has established a *prima facie* case, the burden shifts to NYIT to establish that it had legitimate, non-discriminatory reasons for its actions. *See Newton*, 2022 WL 4619111 at *4. In summary, NYIT provided Plaintiff with multiple chances to work on his professionalism and other deficiencies during his first two years in the Program. 56.1 ¶¶55-78. In August 2018, Plaintiff's surgical clerkship site dismissed him from his rotation based on professionalism and patient safety concerns. NYIT placed Plaintiff on probation for the second time and informed him that any further breaches of professionalism or dismissal from a clerkship would result in his dismissal from the Program. 56.1 ¶ 81-133. In November 2018, Plaintiff's pediatric clerkship site notified NYIT that Plaintiff had engaged in multiple instances of unprofessional conduct. The preceptor submitted an evaluation, which contained low scores in areas that had previously been addressed with Plaintiff, such as lack of professionalism and failure to follow rules. 56.1 ¶¶136-141. In light of Plaintiff's continued acts of unprofessional conduct, his breach of the conditions of his probation and the clerkship site's concerns, NYIT dismissed Plaintiff from the Program. 56.1 ¶¶142-151.

The burden shifts to Plaintiff to establish that NYIT's reasons for its actions constitute pretext for discrimination. *See Newton*, 2022 WL 4619111 at *4. As there is no evidence that the decision was based on improper considerations, this matter of NYIT's academic judgment should not be overturned. *See Faro v. New York University*, 502 F.2d 1229 (2d Cir. 1974); s*ee also Matter of Pace Coll. v. Commission on Human Rights*, 377 N.Y.S.2d 471,478 (N.Y. 1975).

To the extent Plaintiff argues that NYIT discriminated against him by failing to accommodate his alleged disability, such an argument also fails as Plaintiff never requested any accommodation based on his alleged anxiety disorder nor has Plaintiff identified any accommodation that would have allowed Plaintiff to meet the essential requirements of the Program. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 190 (2d Cir. 2015). In fact, the psychiatrist who evaluated Plaintiff in September 2018 after he expressed feelings of depression during a disciplinary meeting indicated that Plaintiff could return to the Program "without limitation," confirming that no accommodations were needed. 56.1 ¶125.

Plaintiff's NYCHRL claim should be dismissed as Plaintiff has not established that NYIT discriminated against him "within New York City." *Fried v. LVI Servs., Inc.*, 2011 WL 4633985, *12 (S.D.N.Y. 2011). The impact of NYIT's decision to dismiss him from the Program was in Long Island as Plaintiff resides in and the Program is located in Long Island. *See Curto v. Med. World Commc'ns, Inc.*, 388 F.Supp.2d 101, 109 (E.D.N.Y. 2005). Plaintiff's NYCHRL claim should also be dismissed for the reasons discussed above. Thank you for Your Honor's consideration of NYIT's request.

        Respectfully Submitted,
        CLIFTON BUDD & DeMARIA, LLP
        *Counsel for Defendant*

By: *Stefanie Toren* _____
        Douglas Catalano
        Stefanie Toren