# GILBERT LAW GROUP

425 BROADHOLLOW ROAD, SUITE 405  JAGILBERT@gilbertlegal.net
MELVILLE, NY 11747-4701  WEBSITE: gilbertlegal.net
631.630.0100  FAX: 631.630.0101

**BY ECF**

October 7, 2024

The Honorable Gary R. Brown
United States District Judge
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

Re: *Schimkewitsch v. New York Institute of Technology*
2:19-CV-05199 (GRB) (AYS)

Dear Judge Brown:

This office represents Plaintiff Elijah Schimkewitsch ("Mr. Schimkewitsch" or "plaintiff") in the above-referenced action. As you know, on Friday, September 27, 2024, defendant New York Institute of Technology ("NYIT") filed a Pre-Motion Letter requesting leave to move for summary judgment. Upon receipt of defendant's Pre-Motion Letter, plaintiff intended to submit a letter, within the time limits prescribed by Rule II.h. of Your Honor's Individual Rules, opposing defendant's request to renew its prior motion for summary judgment[1]. However, before plaintiff could submit his opposition letter, by Order dated October 4, 2024, Your Honor directed the parties to confer and jointly submit a proposed briefing schedule by no later than October 16, 2024.

In its Pre-Motion Letter, defendants misrepresented by selective omission the holdings set forth in the Second Circuit Court of Appeal's (the "Second Circuit") Summary Order. In its Pre-Motion Letter, defendant submitted:

> The Second Circuit held that the District Court improperly granted NYIT's motion for summary judgment on the pre-motion papers for two reasons. First, the Second Circuit concluded that the District Court 'made improper credibility determinations and accepted NYIT's version of the facts in its Rule 56.1 Statement to reach its conclusion.' Second, the Second Circuit concluded that the District Court 'erred by not ensuring that the evidentiary material cited in the parties' Rule 56.1 statements support their assertions,' noting that the Second Circuit 'could not fulfill our appellate obligations given the incomplete record.'

Defendant's Pre-Motion Letter [Doc. No. 55], pp. 1-2, *internal citations omitted*.

However, plaintiff's supposed recitation and explanation of the Second Circuit's Summary Award represents a half-truth, selectively quoted out-of-context to support defendant's improper attempt

---

[1] Rule II.h. allows the non-moving party 15-days to file an opposition to the moving party's pre-motion letter.

to achieve a second bite at the summary judgment apple. Indeed, defendant deliberately omitted critical holdings from the Second Circuit's Summary Order which clearly prohibit and/or render futile any further attempt at summary judgment.

The Second Circuit granted plaintiff's appeal not on procedural but on substantive grounds. In doing so, the Second Circuit wrote:

> First, we conclude that the district court improperly granted summary judgment ***by resolving disputed facts that squarely relate to Schimkewitsch's disability discrimination claims***.
>
> It is well established that a district court may grant summary judgment *only* where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'
>
> ......................................................................
>
> Here, the parties vigorously disagree as to the precise reasons for expelling Schimkewitsch. For example, NYIT contends that one of the non-discriminatory reasons for expelling Schimkewitsch was that he jeopardized patients' safety during his surgical rotation. But, Schimkewitsch asserts that the instructor who complained had no direct knowledge of Schimkewitsch putting a patient's safety in jeopardy, and he did not interview anyone admitting that the incident occurred. Despite these material disputes, the district court found that it is 'clear on this record that [NYIT] had legitimate, non-retaliatory reasons for dismissing plaintiff' and concluded that Schimkewtisch's unprofessional conduct supported his dismissal. Upon review of the transcript for the pre-motion conference, we conclude that the district court made improper credibility determinations and accepted NYIT's versions of the facts in its Rule 56.1 Statement to reach its conclusion.

*See*, Mandate of USCA as to 23-1022, Doc. No. 54, pp. 5:9-6:9, *emph. added, internal citations omitted.*

A review of the Second Circuit's Mandate demonstrates that defendants deliberately omitted those portions of the Second Circuit's Summary Order which clearly prohibit its request to renew its motion for summary judgment.

In its mandated Summary Order, the Second Circuit held that, even assuming all the factual statements set forth in defendant's Local Rule 56.1 Statements of Facts were supported by the cited to record evidence, there exist "disputed facts that squarely relate to Schimkewitsch's disability discrimination claims." *Id*. at 5-6. As recited in the Summary Award, "[the Second Circuit has] long stated that '[t]he function of the district court [when] considering the motion for summary judgment *is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists. Id*. at 5:17-19, *quoting*, Kaytor v. Elec. Boat Corp.*, 609F. 3d 537, 545 (2d Cir. 2010) emph. Theirs.

As the Second Circuit unequivocally held in its mandated Summary Order that there exist genuine issues of material facts squarely related to plaintiff's disability discrimination claims, allowing defendant another opportunity to move for summary judgment would be wholly futile, a

waste of judicial economy, and unnecessarily costly to plaintiff. The cost of opposing such a futile and unequitable motion for summary judgment would severely prejudice plaintiff. Accordingly, plaintiff objects to and respectfully requests that Court reconsider its October 4, 2024, Order. Plaintiff further requests that the Court set a Trial date and a deadline by which the parties are to submit a Joint Pretrial Order.

      Thank you for Your Honor's time and consideration of this matter.

      Very truly yours,

      GILBERT LAW GROUP

      JASON ANDREW GILBERT

cc: Douglas P. Catalano, Esq. (by ECF)
    Stefanie R. Toren, Esq. (by ECF)
    Stephen P. Pischl, Esq. (by ECF)